(85 South. 273)

SOVEREIGN CAMP, W. O. W., v. BASS et al.
(4 Div. 829.)

(Supreme Court of Alabama. Jan. 22, 1920.)

1. **Parties** ⬤⟿69—Objection that action was prosecuted by next friend not sustained by record.

Where it appeared from the judgment that the action was by "Willie B., Leila L., Eddie B., and Harry B., by his next friend, Willie B." the objection that two of the parties shown to be adults are suing by next friend is not sustained by the record.

2. **Parties** ⬤⟿94(2)—Misnomer waived by failure to reply.

An objection to misnomer of a party plaintiff is waived where not raised by appropriate plea on trial.

3. **Evidence** ⬤⟿376(8) — Entries in account book admissible, when identified as in handwriting of dead clerk.

In an action on a fraternal insurance certificate, where the entries in a book containing the account between the insurer and deceased were identified as in the handwriting of the clerk who was dead, such entries were admissible.

4. **Appeal and error** ⬤⟿907(5)—Presumption is that ledger not in record showed facts warranting judgment.

In an action on a fraternal insurance certificate, where the contents of the ledger, containing the account between deceased and the insurer was not shown, it will, on appeal, be assumed that the deceased was a member in good standing at the time of his death.

5. **Insurance** ⬤⟿668(7) — Whether deceased was suffering from specified diseases, etc., held for the jury.

In an action on a fraternal certificate, where the evidence conflicted as to whether at time of application insured was suffering from specified diseases with which he stated he was not afflicted, question was for the jury.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Willie Bass and others upon a fraternal benefit certificate issued by the Sov-

ereign Camp, Woodmen of the World, to Willis H. Bass upon his life. Judgment for plaintiffs, and defendant appeals. Affirmed.

The pleas were: First, the general issue; second, that Bass represented in securing the certificate that he had not consulted a physician, because of disease or injury within the five years next preceding the application, when in fact he had consulted a physician in that time. The other pleas set up his representation that he had not suffered from various diseases, but in fact he had suffered from them; Brown testifying said that he was then clerk of the camp, but was not clerk at the time Mr. Bass died; that Mr. King preceded him as clerk of the camp, and was clerk of the camp when Mr. Bass died; that the ledger account between the camp and Mr. Bass was in the handwriting of King, which he knew, and that Mr. King was dead, whereupon the ledger account was offered in evidence.

C. H. Roquemore, of Montgomery, for appellant.

A doctor's expert testimony as to disease is the best evidence that can be produced. 58 Ala. 290; 31 Iowa, 216, 7 Am. Rep. 122; Bliss on Life Insurance, § 302. The affirmative charge was due the defendant on the testimony, in support of several of his pleas. 75 South. 463.

W. L. & R. S. Parks, of Troy, for appellees.

The testimony consisted of an opinion, and was not conclusive on the jury. 139 Ala. 44, 36 South. 1012; 11 R. C. L. 586.

BROWN, J. [1, 2]. It appears from the judgment, from which this appeal is prosecuted, that this action is by "Willie Bass, Leila Lee, Eddie Bass, and Harry Bass, by his next friend Willie Bass," as plaintiffs. Therefore the contention of appellant that Leila Lee and Eddie Bass, who are shown to be adults, are here suing by next friend is not sustained by the record, and the misnomer as to the minor Harvy Bass (Harry Bass) was not raised by appropriate plea on the trial, and was therefore waived. Lehman, Durr & Co. v. Warner, 61 Ala. 455.

[3] A proper predicate, authorizing the introduction in evidence of the ledger containing the account between the defendant and the insured, was laid by the testimony of the witness Brown, identifying the book in question as the ledger kept by the camp clerk, and showing that the entries were in the handwriting of King, who was the clerk at the time they were made, and King's death. Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 South. 530.

[4] It appears from the bill of exceptions that the ledger was offered and admitted in evidence, but the contents of the ledger is not shown. It will therefore be assumed that the entries in the ledger at least tended to show that Willis Bass was a member of the order in good standing at the time of his death. 6 Encyc. Dig. (Michie) 552, § 19, and authorities there collated.

[5] The evidence offered by the defendant in support of its several pleas, consisting of the testimony of Drs. Salter, McEachern, and Watson, together with the documentary evidence, including the written application of the insured and the certificate of health signed and verified by the witness Dr. Salter, who was at the time camp physician, has been read in consultation, and, after full consideration thereof, we deem it only necessary to say, disregarding the conflicts in the evidence, the question as to whether the insured was suffering from the ailments, the subject of the warranties asserted in the pleas, at the time the application for insurance was made and the certificate delivered, clearly rests in inference which it was the province of the jury to draw. The trial court, therefore, was in error in giving the affirmative charge at the instance of the defendant, and for this reason the motion for a new trial was properly granted.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.