**SOVEREIGN CAMP, W. O. W., v. BASS et al. (4 Div. 968.)**

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 18, 1922.)

1. Insurance ⬖826(1)—Instruction on existence of disease as breach of warranty held proper.

In action on fraternal benefit certificate, an instruction that, if the jury found the insured had suffered from any of the diseases named in the special plea, the subject-matter of the warranty therein set up, the defendant would be entitled to a verdict, but that, upon those pleas naming no disease whatever, it must be shown that the disease was more than of a temporary nature and involved some tendency to shorten life, *held* proper.

2. Insurance ⬖819(1)—Beneficiary certificate prima facie proof of good standing.

A beneficiary certificate offered in evidence without objection *held* prima facie proof that insured was a member of the beneficial association in good standing at the time of death.

3. Trial ⬖253(5)—Instruction ignoring essential element properly refused.

In action on benefit certificate, defended on ground of misrepresentation as to freedom from disease, *held*, that the court properly refused charges offered by defendant ignoring the time of the disease, under which instructions the jury could find for defendant if insured had any of the diseases mentioned, although they were contracted after his application and the issuance of certificate to him.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by Willis Bass and others against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiffs, defendant appeals. Affirmed.

Suit by appellees against appellant upon a fraternal benefit certificate issued to one Willis Bass upon his life. From the judgment for the plaintiffs, defendant appealed.

Numerous special pleas were interposed, setting up certain representations made by insured, that he had not consulted a physician because of disease within five years next preceding the application, when, in fact, he had consulted a physician within that time, and other special pleas to the effect that he had represented that he had never suffered from numerous diseases, which were specified, such as lithiasis, renal colic, cystitis, among other diseases. There were also additional pleas to the effect that in the application for insurance the insured had warranted that he had not had any disease at all, and that such warranty was breached for that insured had had a disease, the nature of which was unknown to the defendant.

There was evidence for the defendant tending to show that the insured was attended by two physicians within five years before the issuance of the certificate; but there was also evidence for the plaintiff tending to show that this occurred in the spring of 1910, and more than five years preceding the issuance of the certificate. The physicians gave their opinion as to the cause of the sickness from symptoms only, and without further examination of the insured. There was some conflict as to the testimony in this respect; and the evidence for the plaintiff tended to show that the ailment was of a slight character, purely temporary, and of no serious consequence whatever.

There were two counts in the complaint, the first count seeking recovery upon the benefit certificate stating that said certificate recited that after the death of said Bass, after the second year of his membership the defendant would pay to the plaintiffs the sum of $1,000. The second count was in substance the same as the first, with the exception that in the second, in regard to the agreement to pay, the words were added "while in good standing as a member of the defendant," and that plaintiff died while a member of the defendant in good standing. There were no pleas denying execution of the certificate or pleas of like character.

There was evidence to show that defendant had received notice of the death of said Bass, and had refused payment upon the ground, as to disease, set up in the special pleas. The affirmative charge as to each count was asked by the defendant, and refused by the court.

---

C. H. Roquemore, of Montgomery, for appellant.

When a plea is proven, the affirmative charge should be given. 188 Ala. 258, 66 South. 8; 15 Ala. 275; 86 Ala. 164, 5 South. 463; 75 Ala. 463. When assured warranted a statement to be true, he impliedly agreed that it was material, and that its falsity would bar a recovery. 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816; 77 Ala. 210; 113 Ala. 453, 21 South. 361; 54 South. 166; 172 Ala. 442, 55 South. 201; 157 Ala. 540, 47 South. 1019.

W. L. & R. S. Parks, of Troy, for appellees.

The general charge was properly refused. 204 Ala. 210, 85 South. 763; 148 La. 195, 86 South. 736.

GARDNER, J. Upon the former appeal in this cause it was held that the question as to whether or not insured was suffering from the various ailments, the subject of the warranty, asserted in the pleas, was one for the determination of the jury, and that the trial court was in error in giving the affirmative charge at the request of the defendant, and therefore properly granted the motion for a new trial. Sovereign Camp, W. O. W., v. Bass, 204 Ala. 28, 85 South. 273.

It has not been the practice of this court since the passage of the act of 1915 (page 594) to enter into a discussion of the facts. American Nat. Ins. Co. v. Wright, 205 Ala. 186, 87 South. 577. The court, in consultation, has again examined the evidence upon the issues presented by these special pleas, and we are still persuaded that it presents as to each of said pleas questions of fact for the jury's determination. The affirmative charge was therefore properly refused.

[1] Numerous pleas interposed set up certain representations made by insured that he had never suffered from certain named diseases. Additional pleas were interposed to the effect that the insured further represented he had never suffered from any disease whatever, and that this was untrue, in that he had suffered from some disease, the character and nature of which was unknown to the defendant. In the oral charge of the court the jury were instructed that as to these particular pleas such a warranty would not be breached by the fact that the insured did have a disease, merely temporary in its nature and involving no tendency to shorten life. Defendant reserved exception to this portion of the oral charge, and strenuously insists that, if the evidence tended to show the insured had any disease, of whatever character, these pleas were proven, and that the court erred in the foregoing instructions to the jury. The trial court was very careful to instruct the jury that, if they found the insured had suffered from any of the dis-

eases named in the special plea, the subject-matter of the warranty therein set up, the defendant would be entitled to a verdict, but that upon those pleas naming no disease whatever it must be shown that the disease was more than of a temporary nature and involved some tendency to shorten life. This instruction was fully justified by the holding of this court in Mut. Benefit Life Ins. Co. v. Lehman, 132 Ala. 640, 32 South. 733. The language of the opinion in regard to the plea then under consideration is applicable here, and we quote therefrom the following:

"We deem it unnecessary to pass upon other points made in argument against the sufficiency of the plea. We may remark, however, that forfeitures of policies of insurance by reason of the inaccuracy or falsity of answers to questions, even when properly made warranties, is not favored by law, since the operation of such warranties may be, and frequently is, to defeat the policy, though neither its issuance or the death of the assured may bear any relation to the fact concealed or inaccurately or falsely affirmed; and upon this and other considerations such warranties are strictly construed against the insurer and liberally to the upholding of his liability under the policy. Hence it is held that a warranty arising upon questions and answers, incorporated by reference or bodily into the policy, may be broken in the letter without vitiating the contract, but that the breach, to that end, must be of the spirit, intent, and substance of the covenant, as, for example, where the warranty is that the applicant is in good health, the intention is not that he is in perfect health, but that he is free from all ailments calculated or tending to shorten life and increase the insurer's risk; and we apprehend that a warranty that the applicant has no disease or disorders would not be breached by the fact that he did have a disease or disorder temporary in its nature and involving no tendency to shorten life. Thus one may, at the time of answers made, have an acute disorder of the kidneys, due to some specific and known cause, and eradicable both as to cause and condition so as to leave no impairment of health, or he may have a temporary dyspepsia yielding to treatment, and not affecting the risk, and surely he may have headaches and muscular pains, none of which would be a disorder within the sense and substance of the warranty but each of which would be a disorder within its letter."

It is to be noted that the foregoing language stated the rule of law upon the construction of such a provision in a policy of insurance, and contains no indication that any statutory provision bore any relation to the case then under consideration. We are therefore of the opinion that the exception to that portion of the oral charge is not well taken.

[2] It is further insisted that the affirmative charge was due defendant upon the theory that plaintiffs had not carried the burden placed upon them by the averments of count 2 to the effect that insured was in

good standing. There was no pleading denying the execution of the certificate sued on. The plaintiffs showed proof of the death of insured, notice to the defendant company, and refusal on the part of the defendant to pay the claim upon the grounds set up in the special plea as to former sickness and representations concerning the same made by insured. The certificate was offered in evidence without objection. We have previously held that such a beneficiary certificate is prima facie evidence the insured was a member of the order in good standing, at the time of his death. Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 South. 762; Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 South. 737.

It is further argued that defendant was entitled to the affirmative charge upon the ground of variance, in that count 1 describes the certificate as a condition to pay plaintiffs unconditionally after the second year of insured membership, and that the certificate itself discloses that it is not an unconditional promise to pay, but a promise to pay based upon a condition that insured should die while a member in good standing. Whatever may be the view as to this question of variance (its materiality under the rule of evidence above declared being seriously questioned), it clearly appears circuit court rule 34 (175 Ala. xxi) was not complied with, and appellant can take nothing by this point.

[3] Quite a number of the refused charges are merely the affirmative charge in varying forms, and need no further consideration. Refused charges 18, 19, and 20 ignore the time of the disease and under such instructions the jury could find for the defendant, if the insured had any of the diseases mentioned, although he may have contracted such diseases after making the application for insurance and the issuance of the certificate. They were properly refused.

We have given due consideration to the questions presented upon this appeal argued by counsel for appellant, and, finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.