153 So. 463

## NEW YORK LIFE INS. CO. v. TORRANCE.

### 6 Div. 426.

Supreme Court of Alabama.
Oct. 5, 1933.

Rehearing Denied March 15, 1934.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for petitioner.

Lange, Simpson & Brantley, of Birmingham, opposed.

FOSTER, Justice.
Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

In denying the certiorari to the Court of Appeals, we felt that it had made all the comment which was needed in justification of the result reached, and that we could add nothing of importance, assuming that the defendant had offered substantially the same evidence as that summarized by this court on former appeal, and that the cause was tried on that evidence together with that which the Court of Appeals mentioned as having been added on such trial. Since we denied

the certiorari, that court has amended its opinion so as definitely to assert as a fact what we had assumed.

■■ The contention is made that the Court of Appeals erroneously asserted that an issue should be determined by the jury, though there is no conflict in the evidence, if the jury may infer from the evidence that the complaint is true. The statement in the opinion of the Court of Appeals has been recognized as being correct by the uniform decisions of this court so far as we have had the matter called to our attention. The general charge should not be given "when the evidence is conflicting, or when the evidence is circumstantial, or when a material fact rests wholly in inference." Smoot v. Mobile & M. Ry. Co., 67 Ala. 13; Ala. Gold Life Ins. Co. v. Mobile Mutual Ins. Co., 81 Ala. 329, 1 So. 561; Tabler v. Sheffield, etc., Co., 87 Ala. 305, 309, 6 So. 196; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 518, 52 So. 86; John v. Birmingham Realty Co., 172 Ala. 603, 55 So. 801; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834.

The quoted statement of the opinion of the Court of Appeals is rather in accord than out of harmony with that of this court on former appeal in this respect.

■ The absence of conflict in the evidence on material facts is not the only test. We have shown that total disability is a relative term, and not controlled by the uncontradicted evidence that he regularly performed, in some manner, the functions of his business. Much of the proof was the opinion of expert witnesses. The ultimate fact itself is a conclusion or opinion upon the effect of the evidence. When different opinions exist by the experts, or their statements merely express their opinion as a deduction drawn from certain symptoms, though there is no conflict, the conclusion is finally with the jury, and the affirmative charge should be withheld. McAllister v. State, 17 Ala. 434, 52 Am. Dec. 180; Parrish v. State, 139 Ala. 16, 44, 36 So. 1012; Sov. Camp. W. O. W. v. Bass, 204 Ala. 28, 85 So. 273; Alabama G. S. R. Co. v. Hill, 93 Ala. 514 (12), pages 522, 523, 9 So. 722, 30 Am. St. Rep. 65; 11 R. C. L. 586.

■ It is not necessary to question the testimony of defendant relating to the amount of work done by the insured after March 27, 1929, or to find that it is contradicted in order that there shall be held to be a jury case, if a reasonable inference may be drawn from it all that insured was totally disabled.

The "plaintiff's evidence tends to prove that such work as he did was done under great mental and physical strain, and that so inefficiently as to cause his practice to fall away, because such work could not be performed in substantially his customary and usual manner" (from opinion of the Court of Appeals).

Such status of the evidence, in connection with that of defendant, may not show a factual conflict in the testimony of the witnesses, but may show a conflict of reasonable inferences, or proper deductions, from it all. It is then the province of the jury, and not of the court, to find the proper inference. To instruct the jury affirmatively for defendant would in effect hold as a matter of law that, because he did perform his business and professional functions to a substantial extent, he was not wholly disabled, though the jury may accept as true the opinion of medical experts that they were not done in substantially his customary manner, or according to the standards of the profession. Such effect would either be to disregard the opinion of the experts or to hold that the meaning of total disability is something else.

Of course we cannot disregard that testimony. Then is such meaning erroneously stated by the Court of Appeals? This court held on the former appeal that total disability, as defined in the policy, means "inability to do substantially all of the material acts necessary to the prosecution of insured's business or occupation, in substantially his customary and usual manner."

Petitioner insists that the foregoing definition by this court was not properly given effect by the Court of Appeals, because that court said that this case should be governed by the rule laid down in the Plaster Case, 210 Ala. 607, 98 So. 909, and in the Perryman Case, 203 Ala. 212, 82 So. 462, and also defined total disability as "not an insurance of income, but is an insurance that insured will be able to continue the work incident to his profession in substantially his customary and usual manner."

The terms of the policy are that total disability must be such as that it "thereby permanently and continuously prevented (him) from engaging in any occupation whatsoever for remuneration or profit." If his physical or mental condition was such that his attempt to engage in an occupation was not accompanied with the ability to do so in its substantial features with the skill and accuracy which such business demands, in the usual and customary manner, he is totally disqualified from pursuing that occupation, though he does undertake to carry it on, but,

in doing so, such want of skill and ability are manifest.

It is apparent to us that the Court of Appeals possessed and applied to the facts the same idea which we have, and which we had expressed on former appeal in respect to total disability as defined in the policy.

The insured was not merely possessed of a permanent agitation and weakness in his right hand, manifested by an occasional spasm in that hand lasting for a few seconds, so that he could not use it for ordinary purposes, and that this condition only applied to his right hand, as in the case of Beck v. Zurich G. A. & L. Ins. Co. (C. C. A.) 62 F.(2d) 965. In that case he could practice medicine in all its substantial features, except surgery. He was only partially disabled. But the evidence is that the condition of Dr. Torrance was not confined to one of his limbs, but his whole body was affected, including to some extent his mental condition. The disease was gradual in its development and operated upon one who had been a skilled physician and surgeon for many years, and had built up a large practice, which meant a wide reputation. This reputation was not likely to be crushed all at once, pending the development of the disease. In the meantime he had not given up, but his associates were recognizing the fact that he was not in proper condition to carry on, but naturally not publishing that fact, but often doing his work for him, or taking cases to other surgeons. That he was in fact doing his work the best he could does not prove that he had the skill to pursue his profession, as it should be done in the customary and ordinary manner.

He quit trying on January 5, 1930. That does not fix a date when he became totally disabled. It is not contended that he was not so on that day. When, then, did he become totally disabled? There was perhaps so little change from day to day that one could not say that on one day he was totally disabled, but that he was not so on the day before. But was his condition on March 27, 1929, so similar to what it was on January 5, 1930, that there was no material difference in respect to his ability to carry on as it should be done ordinarily? We think it is clear that at least it was a question for the jury whether on March 27, 1929, as on January 5, 1930, he had the physical and mental ability to perform the duties of his profession in its substantial features in the manner customarily required of one in that profession. In this respect the evidence on the last trial shows the existence of different reasonable inferences, contrary to the effect of that on the first appeal.

We repeat our accord with the treatment of the subject by the Court of Appeals, and the application for rehearing is overruled.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.