180 So. 327

**JOHN HANCOCK MUT. LIFE INS. CO. v. SCHRODER.**

6 Div. 280.

Supreme Court of Alabama.

March 24, 1938.

Rehearing Denied April 21, 1938.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

Beddow, Ray & Jones, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by plaintiff upon an insurance contract, issued by the defendant, and insuring the plaintiff against total and permanent disability, which continuously and wholly prevents the plaintiff for life from engaging in any occupation or employment for wage or profit, and containing the provision that the entire and irrecoverable loss of the use of both feet would be considered as permanent total disability.

It was admitted upon the trial of the cause that the plaintiff "is able to engage in a substantial occupation for which he is fitted, considering his education, experience and qualification, said admission being made for the purpose of this trial and this trial alone."

The evidence shows that the plaintiff suffered an injury in airplane accident in June, 1932, which resulted in permanent injuries to both feet. The policy sued on was then in full force and effect. That the injuries were serious is without dispute in the evidence. In fact, the defendant paid the plaintiff $150 monthly indemnity under the policy up to August 15, 1936, when it ceased to make further payments.

The evidence on behalf of the plaintiff tended to show that since the accident he has been unable to walk without the aid of two canes, ordinary walking canes, or unless he holds on to something. That he cannot balance himself without support. In walking, he puts his weight upon the handles of the two sticks. That with the aid of the sticks he has been able to walk "for a block" in good weather, but with great pain.

The evidence further shows, without conflict, that the plaintiff goes to his place of business, calls at times upon the "trade," and performs some of his ordinary duties for his company. In making the calls upon his customers, which he does occasionally, he would drive to their places of business, get out of his automobile, and walk in. He can and does walk about his home with the aid of his canes. Sometimes, he walks up the stairs to his office, if the elevator is busy. To stand or walk upon his feet causes him pain, considerable pain.

Dr. Moore, a witness for plaintiff, testified fully as to the character and nature of the plaintiff's injuries and gave it as his opinion that the plaintiff's feet "by themselves were useless. That he does use his feet with the aid of canes or other support." This physician further testified that the plaintiff's condition had not improved, and, over objection and exception of defendant, the court permitted the witness to testify that "the loss to plaintiff's feet" was irrecoverable. The witness testified that the plaintiff would be better off if both feet were amputated, and cork feet used; that he could then walk without canes, and could support himself, and would not have any pain with his feet.

Dr. Sherrill, a witness for defendant, testified that an operation might be helpful to one of plaintiff's feet, but could not be posi-

tive; that such an operation involved some danger, as a matter of course.

Plaintiff bases his claim to indemnity solely on the theory that he has entirely and irrecoverably lost the use of both his feet.

■ It is the duty of the court, of course, to construe and enforce contracts as they are written. We are not permitted, under the guise of construction, to make new contracts for the parties, nor to add to the terms of a contract words, terms, or conditions not contained in it. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Montgomery Enterprises et al. v. Empire Theater Co., 204 Ala. 566, 86 So. 880, 19 A.L.R. 987.

■■ Contracts of insurance are written by the insurer, and, whenever there is ambiguity or uncertainty in the contract, the court will resolve the uncertainty in favor of the insured; or, if the contract is susceptible to two constructions, the one most favorable to the insured will be adopted. However, where there can be but one meaning, the court has no choice but to give it that meaning. In such case there is no room for construction. McGifford v. Protective Life Ins. Co., supra.

The clause of the insurance contract upon which plaintiff relies for a recovery in this suit reads: "Independently of all other causes the company will consider as permanent disability the entire and irrecoverable loss of the sight of both eyes, or of the use of both hands or of both feet, or of one hand and one foot."

It is the plaintiff's contention that he has entirely and irrecoverably lost the use of both feet, within the meaning of said policy contract. Defendant's contention is, that the plaintiff has not suffered the entire and irrecoverable loss of the use of both feet, but on the contrary he still has substantial use of the same.

The defendant relies largely to sustain its position on the case of Gilliland v. Order of Railway Conductors of America, 216 Ala. 13, 112 So. 225.

■ This court has not been called upon to pass upon a case exactly similar to the one here presented, but, as we see it, we may well adopt the analogy of our cases construing contracts providing against total and permanent disability in construing the contract in the instant case.

In the first place, there seems to be no difference in the meaning of the words "entire" and "total." Each has been defined to mean "all or whole." Webster's International Dict. p. 731; International Travelers' Ass'n. v. Rogers, Tex.Civ.App., 163 S.W. 421; Guthrie v. Wheeler, 51 Conn. 207.

■ It is generally held that an insured has sustained an entire loss of use of his feet if he has lost their use for all practical purposes. Beck v. Zurich Gen. Accident & Liability Ins. Co., Ltd., etc., 7 Cir., 62 F.2d 965; Pan-American Life Ins. Co. v. Terrell, 5 Cir., 29 F.2d 460; Murray v. Aetna Life Ins. Co., D. C., 243 F. 285; Grand Lodge Brotherhood of Locomotive Firemen v. Orrell, 206 Ill. 208, 69 N.E. 68.

Properly construed, in the light of the facts of the case, there is nothing in the Gilliland Case, supra, which conflicts with the above-stated holding.

■ We have uniformly held that the term "totally and permanently disabled from engaging in any occupation" is not to be construed as requiring a state of complete helplessness, but means no more than the inability to perform the material acts of insured's business or occupation in substantially his customary and usual manner. New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Pac. Mutual Life Ins. Co. of Cal. v. Marks, 230 Ala. 417, 161 So. 543.

■ Under the evidence, the question of plaintiff's entire and irrecoverable loss of the use of both his feet was one for the jury, and the court committed no error in refusing the general charge requested by the defendant.

■ The defendant reserved separate exceptions to certain portions of the court's oral charge. These portions of the court's oral charge appear in the report of the case. As we construe these charges, the court, in effect, charged the jury that, if the plaintiff had lost the substantial use of both his feet, for the purpose that people commonly and ordinarily use their feet, then the plaintiff had lost the use of both feet within the meaning of the policy contract. We are impressed that the words "substantial use" as used in the charge mean nothing more or less than practical use, and, as so understood, there was no error in this ruling of the court. We are persuaded the jury so understood the charges.

■ Charges C, 15, and 13 requested by the defendant were properly refused. They

were, each, "based upon the literal language of the policy," and not upon the meaning and construction, which we think it should be given. Pacific Mutual Life Ins. Co. of Cal. v. Marks, supra; New York Life Ins. Co. v. Torrance, supra; Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256.

For like reason, the court committed no error in refusing to charge the jury in the terms of its refused charges 11 and 12.

Charges D, E, and G were refused without error. These charges pretermitted all consideration of that part of the evidence which tended to show that standing or walking, with the use of canes, was attended with pain, and of course left out of consideration the question of whether the walking had a tendency to injure the health of plaintiff, and thereby render such walking positively harmful.

The appellant insists that the trial court committed error in the following portion of its oral charge: "However, if you are reasonably satisfied from the evidence that the plaintiff has lost the substantial use of both of his feet, as feet, for the purpose for which people commonly and ordinarily use their feet, why then the plaintiff would be entitled to recover in this case."

It is insisted that this portion of the court's oral charge, while subject to other criticisms, ignores one of the issues in the case, viz., in that it omits all reference to the fact that the loss must be "irrecoverable." The answer to this criticism is, that the court had fully charged the jury that the plaintiff must not only have sustained an entire loss of the use of the feet, but that such loss must be irrecoverable. The excepted to portion of the charge has been taken from its setting. The entire charge should be read together. There is no merit in this insistence. St. Louis-San Francisco Ry. Company v. Kimbrell, 226 Ala. 114, 145 So. 433.

The court committed no error in declining to charge the jury in the language of refused charge No. 16.

The only evidence in this record that deals with the matters embraced in this charge was given by Dr. Sherrill, a witness for the defendant, and he testified among other things: "I did not give Mr. Schroder any assurance that by performing an operation he could recover the use of his foot. I never guarantee anybody. I didn't make any guarantee. I don't give any assurance whatever. I have never done such an operation as I have spoken of upon one his age. * * * I haven't said yet I would advise such a thing. It is a hard question to answer whether or not it would be an advisable operation for a man of his age, the condition of his health, and the probability of recovery. I didn't say I have advised it. As to whether or not the pain, expense, inconvenience, loss of time he would be in the hospital, the expense and danger to his life and health of such an operation would be justified by the probability of giving him back the use of that foot, that can only be answered as to how bad it is, is he willing to take the risk because there is a risk, first and all, and whether his general condition would warrant making the operation. * * I wouldn't say there was a high probability of recovering the use of that foot by operation methods. I wouldn't say that he could recover the use of that foot by that operation."

To say the least of it, there is no evidence bearing out, or tending to support, some of the postulates of this charge, and it was for that reason, if for no other, properly refused. At all events, the charge was refused without error. Volunteer State Life Ins. Co. v. Weaver, 232 Ala. 224, 167 So. 268.

The appellant also insists that the court erred in permitting the plaintiff to ask Dr. Moore the following questions:

"(a). Dr. Moore, basing your opinion upon your knowledge of the condition of both of Mr. Schroder's feet, from your examination and treatment of them, that is, both of his feet, from the day of his injury to the present time, state whether he has any use of either foot?

"(b). Is the loss to his feet recoverable?

"(c). In your professional opinion, from what you know, and having seen what you saw, and having made examination and giving him treatments, would you say in your opinion that operation brought about the loss of the use of that foot or not?"

It is argued that, inasmuch as the sole issue in the case was whether or not the plaintiff had suffered the entire and irrecoverable loss of the use of his feet, it was the exclusive province of the jury to determine that issue, and not have Dr. Moore's opinion and conclusion substituted for that of the jury; that the jury was as able as was Dr. Moore to determine whether the

plaintiff had sustained the entire and irrecoverable loss of the use of both his feet, in view of the fact that the plaintiff had removed his shoes, and exhibited his feet to the jury, and had stood before them.

We are of the opinion the evidence was competent. This physician had long treated the plaintiff in an effort to benefit the condition of his feet; and he had operated on one or both of them. The opinion of the witness, therefore, was helpful to the jury in arriving at a conclusion as to whether the plaintiff had, in fact, lost the substantial use of his feet, and whether or not the loss was irrecoverable. There is nothing in this holding that conflicts with our recent cases of Capital Motor Lines v. Gillette, Ala.Sup., 177 So. 881 [1]; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334, and Equitable Life Assur. Soc. v. Davis, 231 Ala. 261, 164 So. 86.

There are a few other questions presented and argued, but we are impressed that they are entirely lacking in merit, and a detailed discussion of the same would serve no useful purpose.

Finding no errors in the record, the judgment of the circuit court will therefore be affirmed. It is so ordered.

Affirmed. ·

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.

