197 So. 59

**HOBBS v. RELIANCE LIFE INS. CO. OF PITTSBURGH, PA.**

**6 Div. 611.**

Court of Appeals of Alabama.

April 2, 1940.

Rehearing Denied April 30, 1940.

346

Cabaniss & Johnston and Lucien D. Gardner, Jr., all of Birmingham, for appellee.

Randolph Hobbs, H. H. Grooms, and Coleman, Spain Stewart & Davies, all of Birmingham, for appellant.

RICE, Judge.

The suit by appellant was to recover under the "permanent total disability" clause of two separate life insurance policies issued by defendant, appellee.

In each it is provided that in order for the disability benefit here sued for to attach, the insured must become disabled before he attains the age of sixty years.

There is in reality but one question in the case. The plaintiff is entitled to the monthly income he seeks to recover if he became totally and presumably permanently disabled before he became sixty years of age.

The evidence shows and the jury has found that the plaintiff performed substantially all of the material acts necessary to the prosecution of his work as pastor of the First Baptist Church of Birmingham, in substantially his customary and usual manner, until he was almost sixty-three years of age.

The evidence also shows that for almost three years before he became sixty, the plaintiff was suffering from a heart condition which made it inadvisable for him to work, that work or any exertion would endanger his life, and that he was advised to stop working. The evidence further shows that the plaintiff disregarded this advice and continued as pastor of his church.

The plaintiff claims that notwithstanding his performance of substantially all of the material acts necessary to the prosecution of his work, in substantially his customary and usual manner, for two and one-half years after he became sixty, nevertheless he is entitled to be classed as totally disabled before attaining the age of sixty by reason of the fact that out of common care and prudence he should have desisted but did not desist from his work.

The defendant contends that under these circumstances the plaintiff is not entitled to the benefits for total disability prior to attaining age sixty.

The trial court followed the defendant's contention, submitting to the jury the question of whether what the plaintiff did before becoming sixty constituted the performance of substantially all of the material acts necessary to the prosecution of his work, in substantially his usual and customary manner, and as stated, the jury determined this question adversely to plaintiff.

If the plaintiff's contention that he is entitled to the benefits for total disability before attaining age sixty notwithstanding he performed substantial and profitable work, as indicated above, for two and one-half years thereafter be correct, the judgment should be reversed. If on the other hand the defendant's contention is correct, the judgment should be affirmed.

It is admitted that the provisions in the policies sued on, insofar as here involved, are similar in all respects to the provisions in the policies the basis of the litigation giving rise to the decision in New York Life Insurance Company v. Torrance, 224 Ala. 614, 141 So. 547.

So we feel that we may repeat, here, what was said for this court by our late, well beloved, and lamented brother, Wm. H. Samford, in the second appeal in the New York Life Insurance Company v. Torrance case, supra, viz: "So far as this appeal is concerned, the law of this case is written for this court in New York Life Insurance Company v. Torrance, 224 Ala. 614, 141 So. 547, 550. Code 1923, § 7318." New York Life Insurance Company v. Torrance, 26 Ala.App. 38, 153 So. 458, certiorari denied Id., 228 Ala. 286, 153 So. 463.

And that just about settles the matter. Above, we have indicated the decisive point of difference between the parties, here, as to the law that governs. The opinion in the New York Life Insurance Company v. Torrance case which was decided by the Supreme Court (224 Ala. 614, 141 So. 547) dealt with the identical point; and decided the question involved adversely to the contention here urged by appellant. Of course, under the provisions of Code 1923, Sec. 7318, there is nothing for us to do but follow the holding there announced.

Perhaps, in order to present the matter in issue more clearly, so that, if the Supreme Court desires to depart from what we understand to be its clear holding—adverse to appellant's present contention—in the New York Life Insurance case, supra, it may have the question squarely before it, we should say that, as we read the decision in that case; the opinion by that court on certiorari on the second appeal, which was decided by this court (228 Ala. 286, 153 So. 463); and all subsequent decisions on similar questions by the Supreme Court which have come under our scrutiny (a very large num-

ber of which have been cited in the briefs filed in this cause), the trial court did not err in refusing to give to the jury at appellant's request written charges 3 and 5; nor in giving to the jury at appellee's request written charges 12, 18 and 14.

The above holding on our part illustrates our view that, under the law as we believe it to be at present written in the books, there was no error committed by the court below in the refusal of any of appellant's written, requested charges, which were refused; and no error in giving to the jury at appellee's request the written charges shown to have been so given.

Appellant's able counsel argue vigorously that this court, on the second appeal, in effect overturned the holding by the Supreme Court, on the first appeal, in the New York Life Insurance Company v. Torrance case, supra; and that subsequently the Supreme Court has followed the law in said New York Life Insurance Company v. Torrance case, as announced by this court.

But the said counsel are in error. Not only could we not nullify the holding by the Supreme Court in question (Code 1923, Sec. 7318), but we think a reading of our opinion discloses that we did not desire to do so.

We think what we have written will serve to demonstrate our view that there is merit in no assignment of error urged upon our attention.

Our experience both at the bar and upon the bench enables us to share with appellant's counsel their undoubted surprise at the verdict returned by the jury trying the case.

But if the general affirmative charge should have been given in favor of either side, it should have been the appellee.

And surprising though the verdict was, it was amply supported by the evidence, under the law as we believe it to be.

So the judgment must be affirmed. And it is so ordered.

Affirmed.