141 So.2d 533

**BLUE CROSS–BLUE SHIELD OF ALABAMA**

v.

**Terry KELLEY, pro ami.**

**6 Div. 863.**

Court of Appeals of Alabama.

May 15, 1962.

**584**

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Rankin Fite and Robt. H. Thomas, Hamilton, for appellee.

CATES, Judge.

Blue Cross appeals from a judgment for $252.30 in favor of Kelley in an action on two of its certificates, here called the "1956" and "1960" certificates.

In July, 1956, Blue Cross issued a Family Group Hospital Service certificate with a Medical and Surgical Benefit Rider (composing a "Y M" contract) to Mr. Leburn Gann. Mr. Gann worked for Marion County and came under a payroll deduction plan whereby the county board of revenue deducted premium payments from his salary and remitted them to Blue Cross.[1] On the back of the 1956 application, Mr. Gann listed four dependents, among whom was the appellee referred to as "Terry Gann" and described as "son."

In 1960 Mr. Gann applied for and was issued a "$25 Deductible Hospital Service Certificate" with an "In-Hospital Medical Benefit Rider" and a "Surgical Benefit Rider No. 4 $200 Maximum." This made up a "C 4–10" contract, No. 944193. On the reverse of the 1960 application, Mr. Gann included only his wife.

About February 7, 1961, Terry Kelley (admittedly Terry Gann) had his appendix taken out. He incurred a hospital bill of $177.30. His two surgeons charged $150 and $50, respectively.

The 1956 certificate defines "Family Group" pertinently as follows:

"* * * the subscriber and (if listed on the subscriber's application) also means and includes the subscriber's spouse and/or any unmarried child of the subscriber * * * under the age of nineteen (19) years * * *"

---

1. There was no proof as to whether the board of revenue continued to deduct from Mr. Gann's earnings for the 1956 certificate after the 1960 certificate became effective.

The 1960 contract, which is substantially the same in this definition, also embraces "any legally adopted child or any child living with the adopting parents during the period of probation."

 Terry Kelley was Mr. Gann's nephew. He had been living in the Gann household since he was six weeks old. He had never been adopted. Adoption comes from statute law only. See references in Franklin v. White, 263 Ala. 223, 82 So.2d 247.

The appellant's brief summarizes the problem of construction of the contract documents thus:

"Appellee evidently depends on the fact that Terry Gann, or Kelley, was a 'dependent' of the subscriber, Leburn Gann. To support this theory, appellee introduced Exhibits A, B and I. These exhibits consist of the identification cards which accompanied each of the policies and a letter signed by H. F. Singleton, Executive Director of the appellant. * * *."

The word "dependent" to describe a proposed insured is used at least twice in the contract documents. These documents as defined and cross referenced are:

| A. 1956 Contract | B. 1960 Contract |
|---|---|
| 1) Application | 1) Application |
| 2) Identification Card | 2) Identification Card |
| 3) Hospital Service Certificate | 3) Hospital Service Certificate |
| 4) Medical & Surgical Benefit Rider | 4) In-Hospital Medical Benefit Rider |
| | 5) Surgical Benefit Rider |

Application for the 1960 Contract may well also include the 1956 application as well.[2] Plaintiff's Exhibit "G," Section I, 3, provides:

"3. 'Application' means the subscriber's original application to the Corporation for a Hospital Service Certificate, together with any supplemental application which has been accepted by the Corporation."

Thus, the appellee contends that, since both identification cards and both applications use the word "dependent" in describing persons purportedly covered or to be covered, ambiguity is created by the use of "dependent" in one place and "child" in another. Under familiar and proper principles, it is argued that the claimed ambiguity must be resolved against the maker of the printed agreement, citing John Hancock Mut. Life Ins. Co. v. Schroder, 235 Ala. 655, 180 So. 327.

 However, in view of the definitions of "Family Group," supra, we hold that the word "dependent" is without ambiguity, being limited to the subscriber's spouse and his children, and does not include a nephew who has not been adopted.

The judgment below is due to be reversed and the cause is there remanded.

Reversed and remanded.

2. In view of remandment, we consider that Code 1940, T. 28, § 75, would have to be complied with to allow the applications to be admissible (Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129

So. 466), unless there is proof of Blue Cross being a hospital service corporation entitled to the exception (from the contractual requisites of § 75, supra) under T. 28, § 316.