WRIGHT, Presiding Judge.
This is an appeal by the father of a minor child from a judgment permanently revoking parental rights and granting permanent custody of the child to the State Department of Pensions and Security (hereafter referred to as DPS) for the purpose of planning and possible adopting. The only issue is whether the evidence supports the finding that the court’s action is for the best interest of the child. We find the judgment supported by the evidence and it is affirmed.
This matter came on for hearing upon the petition of DPS for permanent custody. The record reveals that the male child was first before the court at the age of seven months in 1976. He was at that time taken from the custody of his parents and temporary custody granted to DPS. He has been in foster care since that time. Efforts were made by DPS to give counseling and mental health services to the mother. She did not respond. She separated from the father and disappeared in July 1976. Investigation as to other familial resources for care and custody was negative. The paternal grandmother indicated a desire for custody, but support resources were not present. Three children of her only daughter were given permanently to DPS. The Barbour family has been known to DPS for many years because of family problems and crises.
The father prior to the birth of the child had a criminal record and had served time in the penitentiary. He is again in prison because of conviction of forgery in November 1977. There are two other forgery cases presently pending. He appeared in court and was represented by court-appointed counsel. He requested the court to give custody to his mother under supervision of DPS until he can be paroled and settle his pending cases. He told the court that he was qualified as a welder and believed that in two or three years he would be out of prison, have a job and be married so that he could care for the child.
The paternal grandmother expressed love for the child though she has seen him only twice in two years. Her husband is totally disabled and draws disability checks in the amount of $360 per month. She has a temporary job making $160 per month. There are two adult sons living at home who are employed from time to time on construction jobs. The child knows none of his family and is well adjusted in a foster home.
It was the recommendation of counsel appointed as guardian ad litem for the child *472 that custody be given to DPS. This appeal was taken by the father in forma pauperis through appointed counsel.
In reviewing the record in this case, we have kept in mind two principal rules of law. The first rule is common to all cases in which the trial judge sits as the finder of fact and hears and observes the witnesses as they speak. The rule is that the judgment is presumed correct and will not be reversed if it is supported by the legal evidence and is not clearly wrong and unjust. Crews v. Houston County Department of Pensions and Security, 358 So.2d 451 (Ala.Civ.App.1978).
The second rule is one of law and equity. It is that the polestar of all child custody cases is the best interest and welfare of the child. Smith v. State Department of Pensions and Security, 340 So.2d 34 (Ala.Civ.App.1976).
A third rule applicable to the facts of this case is even the prima facie right of a parent to custody of his child must yield to the superior rule of the best interest and welfare of the child.
It is evident from the testimony here that the parent — yea, even the grandparents, have neither present ability nor future prospects which may reasonably be considered as contributory toward the best welfare of this three-year-old child who does not even know them. It is the judgment of this court that the trial court reached the only reasonable conclusion from the evidence. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.