This is an action for materials and labor provided under a contract for partial remodeling of a house.
After some negotiations appellant entered into an agreement with the Monks to partially remodel the Monks' house. Appellant submitted a written proposal to furnish the materials and labor for $15,000. Appellant contends his proposal was only an estimate. The Monks contend it was a firm offer. Estes and Mr. Monk met with Frank Jones, vice president of Phenix Federal Savings and Loan, to go over the plans in an attempt to secure financing for the project. Jones testified that he understood the proposal to be a firm offer. Monk was unable to get immediate and full financing of the project. Estes began work but was unable to finish due to financial trouble of both parties. Appellant contends he expended $9,983.29 on materials and labor. Appellees contend they expended more than $12,000 in advances and for payment of materials and labor Estes was unable to provide. The project was not completed by Estes. Estimates on completing the work ranged from one-third of the work being already completed to needing only about $1,500 to finish the job. After an ore tenus hearing the trial court awarded the appellant a judgment in the sum of $3,000.
Appellant contends on appeal the trial court erred in that the amount of the judgment is against the great weight of the evidence. When a trial judge sits as a finder of fact and hears and observes witnesses as they speak, his judgment is presumed correct and will not be reversed if it is supported by legal evidence and is not clearly wrong and unjust. Barbour v. StateDepartment of Pensions Security, 367 So.2d 470
(Ala.Civ.App.), cert. denied, 367 So.2d 472 (Ala. 1978). There was a conflict in the evidence as to whether appellant made a firm offer of $15,000 or whether he said he would try to stay within the $15,000 amount or "give it his best shot."
Findings of fact are presumed correct where there is disputed evidence and the trial court hears testimony ore tenus.Campbell v. Campbell, 371 So.2d 55 (Ala.Civ.App. 1979). *Page 105 
Appellant further contends that the contract is void for indefiniteness and that he should have been awarded restitution for the benefit conferred on the Monks. This is an implied contract or, more properly, a quasi-contract or constructive contract. The remedy of quasi-contract is founded upon the familiar principle of avoiding unjust enrichment. OpelikaProduction Credit Association v. Lamb, 361 So.2d 95 (Ala. 1978). However, the law will not imply a promise against the express declarations of the party to be charged made at the time of the supposed undertaking. Summers v. Ralston PurinaCo., 260 Ala. 166, 69 So.2d 858 (1954). The court must construe and enforce contracts as they are written. The court should not, under the guise of construction, make new contracts for the parties, nor should the court add to the terms of a contract words, terms, or conditions not contained in it. JohnHancock Mutual Life Insurance Co. v. Schroder, 235 Ala. 655,180 So. 327 (1938).
In the instant case the trial court found the written contract to be binding. We find there is sufficient evidence to support the trial court's judgment, and this case is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.