162 So. 281

## JOHN HANCOCK MUT. LIFE INS. CO. v. BEATY.

### 7 Div. 293.

Supreme Court of Alabama.
March 21, 1935.

Rehearing Denied June 4, 1935.

Further Rehearing Denied June 27, 1935.

C. A. Wolfes, of Fort Payne, and Cabaniss & Johnston, and L. D. Gardner, Jr., all of Birmingham, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

Brief did not reach, the Reporter.

BOULDIN, Justice.

This suit was to recover the permanent total disability benefit stipulated in a policy of group life insurance.

The contract, procedure, issues of fact, and decree were in all material respects similar to those presented in the companion case of John Hancock Mutual Life Insurance Co. v. Lena Large, ante, p. 621, 162 So. 277, this day decided.

We adopt that decision in all respects, save as to one issue of fact, namely, that of permanent total disability vel non.

The evidence on this issue presents an interesting case. The insured, at the time the policy was issued, was hosiery mill employee, an operator of hosiery knitting machines. She is 39 years of age; has been in this employment some twenty-two years, save when prevented by inability. She has been married some twenty years, and is the mother of four children.

The employment required her to be on her feet for many hours each day. In course of time varicose veins developed in the leg, swelling of the ankles followed, and about 1931 there developed a. chronic ulcer on the lower left leg.

The physician, describing the pathological conditions of the case, said: "Those chronic ulcers are due to poor circulation and an infection. You get an infection on the limb, then the circulation isn't active enough to take it up and care for it.· The circulation is retarded in her case by her physical make-up. She's about six and a half feet tall, I believe, and the heart power isn't sufficient to carry that blood around."

The active ulcer has varied from the size of a dime to that of a silver dollar, the surrounding tissues being swollen and discolored in varying degrees. There seems to be no question that by the fall of 1931, by reason of the pain and debility, she became totally disabled to continue her employment. It appears she . quit for something like a year, during which time, by treatment of physicians, rest, and keeping off the feet, the ulcer healed over, and she went back to work. In some two months the ulcer reappeared with such violence as to create a total disability, resulting in her giving up her occupation.

The chief argument for appellant is that under the evidence the infirmity is curable, and the disability should be held temporary in character.

■ Evidence tends to show, and we may say the weight of the evidence shows that by keeping off the feet, going to bed, or keeping the feet elevated, together with home treatment, and maybe hospital treatment of the varicosed veins, the ulcer will disappear, and the insured be able to do some domestic or other work which does not call for prolonged standing on the feet.

We are impressed, however, that, at this age in life, and in view of the history of the affliction, and the pathological conditions leading to it, she is totally and permanently disabled to engage in the occupation under which she was insured, and which has been pursued all the years of her mature life.

The same conditions which brought on the disability in earlier life, and the weakening effects of this chronic or protracted condition, would, under the weight of the evidence, speedily lead to a recurrence of the trouble.

■ We do not think there was any burden on the insured to prove no profitable "sitting down job" would be available at the hosiery mill or elsewhere, in the event of such recovery as the case permits.

■ Total permanent disability to perform the work of the occupation followed through life, and, so far as appears, the only profitable occupation for which she is suited by training and experience is the disability covered by such policies. New

York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463; Id., 224 Ala. 614, 141 So. 547; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A. L. R. 852; United States Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

On Rehearing.

BOULDIN, J.

' Opinion and decree modified as in the companion case of John Hancock Mutual Life Insurance Co. v. Lena Large, 162 So. 277.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.