164 So. 86

### EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. DAVIS.

#### 6 Div. 778.

Supreme Court of Alabama.

Oct. 10, 1935.

Rehearing Denied Nov. 29, 1935.

Harsh, Harsh & Hare, of Birmingham, for appellee.

Howze & Brown, of Birmingham, for appellant.

BOULDIN, Justice.

The pertinent stipulations of the policy of group insurance, upon which this action for total disability benefit is based, read: "In the event any employee while insured under the aforesaid policy and before attaining the age of sixty becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value." And: "It is further agreed that * * * the severance of both hands at or above the wrists * * * will of themselves be considered as Total and Permanent Disability within the meaning of this provision."

In proof of disability the insured made affidavit, saying: "I became wholly disabled as a result of being shot in the left shoulder. Lost use of my left arm."

The physician's statement by Dr. Lester, part of such proofs, discloses the following questions and answers:

"a. Is he able to pursue any gainful occupation? If answer is Yes, give *date* first able to resume *any* duties. a. Unable to use left arm, otherwise good physical condition.

"b. If not, since what date has he been totally unable to engage in any and all business duties? b. Unable to use left arm since 11/23/32. * * *

"d. Is claimant's condition growing worse? d. No.

"Describe fully, Diagnosis and Symptoms of injury, infirmity or disease causing present disability, with brief description of Physical Findings. Gunshot wound of upper left side of chest, left shoulder and arm. Since injury he has been unable to use left arm.

"a. Do you believe the claimant to be so disabled that he is wholly prevented for life from pursuing *any* and all gainful occupations? No.

"b. Or is this total disability only temporary? No total."

Dr. Payne testified: "I treated Jim Davis in this cause. He was injured November 24, 1932, by a gunshot wound in the left side of his cheek, shoulder, forearm, and hand. The only thing the matter with the man at the present time is that he has not the use of his left arm. * * * I think the nerve that controls the functions of the left arm and hand is permanently injured so that he will probably never be able to use his left arm and hand."

Dr. Bradford testified that on examination he found an injury to the left arm and shoulder, resulting from being shot with a shotgun. "It is my opinion, professional opinion, that the nerve trunk that controls the left arm and hand is severed. In this condition, in my judgment, he only slightly has the use of the arm and hand or any part of it. This man has not any functional use of the powers of his left arm and hand in such sort as to do any manual labor with his left arm and hand to any practical measure. * * * I think it (the disability) will be permanent."

After some evidence tending to show the doctor's special knowledge of the classes of labor done in coal mining, expressing his opinion, over objection, that the plaintiff was not in physical condition to do such work, he was asked: "Well, now, will you tell the jury whether or not, medically speaking, that man's condition is such that he can do manual labor?" Defendant objected on general grounds, and because the testimony called for "invades the province of the jury; calls for the conclusion of the witness * * * substitutes the opinion of this witness as an expert not only medically but in all kinds and classes of manual labor," etc. Objection being overruled, defendant excepted. Witness answered: "He is not."

On cross-examination Dr. Bradford said: "I don't know of anything to prevent him from performing a job calling for manual labor that can be performed with one hand and one arm if he is capable of doing it. I mean capable mentally and physically. I don't know of any physical incapability he has except the loss of his left arm." The doctor further testified the plaintiff had symptoms of syphilis, in the tertiary stage; but his evidence taken as a whole is to the effect that this was curable, and he based his opinion of total permanent disability on the fact that he was in like condition as a man who had lost one arm and hand.

264

The plaintiff was an illiterate colored laborer, thirty-eight years old at the time of his injury; farmed during his early life, and for ten years had worked at loading coal in a coal mine. He had done no work since his injury, been offered no job, and sought none. In training and experience he is to be classed as a "manual laborer."

In two recent cases, considered by the full court, we have reviewed our former decisions, and expressed our views on the construction of disability provisions of like import as here presented.

In one of these, Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248, 252, it was said: "The manifest intent of the contract in this case is that the total permanent disability maturing the contract must be such as to disqualify him, not only from engaging in the occupation, trade, or profession he was engaged in when the disability developed, but he must be physically disabled from doing and performing the substantial features of any gainful occupation, within the range of his mental and educational capacity, with the required skill and accuracy of any such occupation, and such disability must be presumably permanent and continuous. 1 C. J. pp. 465, 466, §§ 167, 168, and 169; Metropolitan Life Ins. Co. v. Foster (C. C. A.) 67 F.(2d) 264."

In the other case, Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256, 259, it was said: "Total disability contemplated in insurance policies like the one under consideration 'does not mean, as its literal construction would require, a state of absolute helplessness, but means inability to do substantially all the material acts necessary to the prosecution of insured's business or occupation, in substantially his customary and usual manner'; or to do substantially all the material acts necessary to the prosecution of some gainful business or occupation, which the insured was qualified and capable of doing, and which requires substantially the same character of physical and mental training and effort."

In Metropolitan Life Ins. Co. v. Foster, 67 F.(2d) 264, 266, decision by the Circuit Court of Appeals, Fifth Circuit, cited as authority in our Hale Case, supra, it was said: "The evidence shows, and it is common knowledge, that a man with only one arm or leg, if not otherwise incapacitated, may do much valuable work

and engage in many gainful occupations, and there are many cases so holding. Metropolitan Life Ins. Co. v. Wann (Tex. Civ. App.) 28 S.W.(2d) 196; Metropolitan Life Ins. Co. v. Barela (Tex. Civ. App.) 44 S.W.(2d) 494; Buckner v. Jefferson Standard Life Ins. Co., 172 N. C. 762, 90 S. E. 897; Hurley v. Bankers' Life Co., 198 Iowa, 1129, 199 N. W. 343, 37 A. L. R. 146; Jefferson Standard Life Ins. Co. v. Parten, 30 Ga. App. 245, 117 S. E. 772; Indiana Life Endowment Co. v. Reed, 54 Ind. App. 450, 103 N. E. 77. The policy before us expressly recognizes the loss of both hands or both feet as a total disability, implying that the loss of one only would not in itself be such."

This holding touching common knowledge was copied and approved in Metropolitan Life Ins. Co. v. Tessier (Tex. Civ. App.) 70 S.W.(2d) 209. To like effect, see United States v. Ivey, 64 F.(2d) 653 (C. C. A. 10).

We are impressed the holding of these cases, and others therein cited, is sound in principle.

It is of common knowledge that a man accustomed to manual labor, if otherwise in sound health, is not totally disabled to engage in many gainful occupations of that class.

We may note that our Workmen's Compensation Law awards compensation for loss of one arm for a period of 200 weeks, and for the loss of both arms, other than at the shoulder, for a period of 400 weeks. Code, § 7551, subsec. (c). This latter period is the same as for total disability generally. Code, § 7551, subsec. (e) (2). It is manifest this schedule is a legislative recognition that the loss of one arm is a partial disability.

The general formula above quoted from the Wallace Case is not to be construed to strike out the word "total" from such contracts, nor to abolish all distinction between "partial" and "total" disability. Such construction would rewrite the contract, would work a conflict between the Wallace Case and the Hale Case, considered at the same time, wherein our former decisions (New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547; Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A. L. R. 852) are cited and followed.

A physician testifying as an expert to matters within the realm of pro-

fessional knowledge may give his opinion on one's state of health, and the effect of debility, resulting from injury or disease, upon his ability or inability to engage in work of different kinds. Louisville & Nashville Railroad Co. v. Stewart, 128. Ala. 313, 29 So. 562; Mobile Life Ins. Co. v. Walker, 58 Ala. 290; 1 Green. Ev. § 440.

But this does not license the physician or other expert to invade the province of court or jury in dealing with matters of common knowledge. So, when the sole permanent disability, according to his testimony, consists in the loss of the use of one arm, any opinion on his part that such injury works a total disability to do profitable manual labor by one accustomed to such labor should not be received, although the witness claims to speak with professional knowledge.

Defendant was due the affirmative charge as requested.

Appellee calls attention to the fact, disclosed by the record, that the plaintiff came to his death some four months after the trial, and suggests this circumstance tends to fortify the claim of disability.

The cause of death, or any relation of his disabled condition thereto, does not appear, even if such matter, occurring after the trial, could be considered.

Evidence on this line can be available only on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.