168 So. 145

### EQUITABLE LIFE ASSUR. SOC. v. HORNSBY.

#### 4 Div. 873.

Supreme Court of Alabama.

March 26, 1936.

Rehearing Denied May 28, 1936.

Mulkey & Mulkey, of Geneva, for appellant.

420

Carmichael & Tiller, of Geneva, for appellee.

GARDNER, Justice.

Plaintiff (forty-four years of age), was, in July, 1933, an employee of the Geneva Cotton Mills, when she was forced by illness to quit work, which she never resumed. Her affliction is known as rheumatoid arthritis, and at the time she gave up her work she had fever and was confined to her bed for a period of five weeks. That a group insurance policy was issued by defendant company to the cotton mills, and a benefit certificate issued to plaintiff as one of its employees, each of which was in full force and effect, did not present controverted questions in the case. They were conceded, and the only matter of any moment here for consideration relates to the question of proof.

The policy provision as to total permanent disability is identical with that involved in Equitable Life Assurance Society of United States v. Davis, 231 Ala. 261, 164 So. 86, the salient features of which are reproduced in the opinion.

In the Davis Case, supra, wherein Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248, 252, and Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256, are quoted, it is noted that under such policy provision there must be made to appear a total, as distinguished from a partial, disability, though, of course, a showing of absolute helplessness is not required, and such disability must be presumably permanent and continuous. Nor is it an occupational disability only, but embraces any gainful business or occupation. "The total permanent disability maturing the contract must be such as to disqualify him, not only from engaging in the occupation, trade, or profession he was engaged in when the disability developed, but he must be physically disabled from doing and performing the substantial features of any gainful occupation, within the range of his mental and educational capacity, with the required skill and accuracy of any such occupation, and such disability must be presumably permanent and continuous." Protective Life Ins. Co. v. Hale, supra.

These principles as briefly outlined in the Davis Case, supra (reiterated in Page v. Prudential Ins. Co. (Ala.Sup.) 165 So. 388),[1] were in the mind of counsel for plaintiff in the trial of this case. Her limited education was shown as well as her physical limitations for engaging in any gainful occupation within the range of her mental and educational capacity, with the required skill and accuracy of any such occupation.

Plaintiff's affliction, which at first produced fever and kept her in bed five weeks, is referred to by the doctors as rheumatoid arthritis or arthritis deformans, and plaintiff's proof, including that of her doctor, tend to show that the disease is now in a chronic stage, of a recurrent nature, and that there is little the physicians can do to remedy such condition. We gather from the testimony of these experts that this disease is mystifying in its origin and baffling to the medical profession in its treatment. And, indeed, one of the physicians informed plaintiff "nothing could be done." It is attended with pain and swelling of the joints.

Defendant insists that only the index finger of the right hand is involved, that plaintiff's condition has improved, and that total disability is not made to appear. But we find much proof to the contrary, and

[1] 231 Ala. 405.

the jury could well infer that the original condition (pain in the back and hips, and pain and swelling in hands and feet), which clearly rendered plaintiff incapable of continuing with her work, still persists in a more modified form, that it is presumably permanent in character, and that, in short, she is in such a condition as to be totally and permanently disabled within the meaning of the policy provision here in question.

There is no occasion here to discuss the proof. The evidence has been read with care. We find much conflict among the doctors and much corroboration of plaintiff's theory by her physician, her neighbors and acquaintances, including one who has had some training as a nurse. All of this we have carefully reviewed, and the conclusion has been reached that the case was one for the jury's determination, and the affirmative charge requested by defendant was properly refused.

Nor do we consider the case one justifying a disturbance here of the ruling of the trial court denying a motion for a new trial.

Whether or not refusal of charge 5 was justified as argumentative we need not stop to inquire. This for the reason that in substance and effect it was embraced, not only in the oral charge of the court, but in charge 1 given for defendant.

We find no reversible error. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

