194 So. 496

**BENTLEY v. PROTECTIVE LIFE INS. CO.**

6 Div. 597.

Supreme Court of Alabama.

March 7, 1940.

Taylor & Higgins, of Birmingham, for appellant.

Cabaniss & Johnston and Lucien D. Gardner, Jr., all of Birmingham, for appellee.

FOSTER, Justice.

The question in this case is simply whether an occupational disease, which disqualifies a man from performing that certain occupation, is a total and permanent disability so as to prevent him from engaging in any gainful occupation within the terms of an insurance policy, when such disease exists only as an incident to such occupation while so employed, and clears up after he has terminated the employment.

To state the situation concretely, it appears that appellant was employed as a pressman on a newspaper; that he had been so employed about thirty-four years when his condition became so acute that he was forced to give up that sort of work. It was such as that the printers' ink and washing fluid caused an inflammation in his hands and arms, and along the inner side of his thighs, to such an extent that it was necessary to avoid such contact which was a necessary incident to his occupation. He was about fifty-one years old, when he was forced finally to abandon that occupation. His disability cleared in a reasonable time with no indication of permanency, except when exposed to that condition. At the time of the trial he was substantially free from the trouble. He had been employed since early childhood in some mechanical aspect of newspaper publication, and had become an expert pressman, which required mechanical skill, and had no qualifications as an expert in other employment, though it is not claimed that he was physically incapacitated except that he was sensitive to printers' ink and washing fluid. He had been to school as a boy and was in the fourth grade. He was unable to find an occupation in which he could earn sufficient to provide support such as he had been accustomed to; though he was physically able to pursue any of them, and did so with full vigor and strength and without unfavorable reaction.

Reliance is placed by the appellant on some of our cases which hold that, such terms in policies mean a physical disease or injury which renders one unable to do the material acts necessary to the prosecution of some such gainful occupation as he was qualified and capable of doing, requiring substantially the same character of

physical and mental training and effort. Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248; Equitable Life Assur. Society v. Davis, 231· Ala. 261, 164 So. 86; John Hancock Mut. Life Ins. Co. v. Beaty, 230 Ala. 638, 162 So. 281; New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463; Page v. Prudential Ins. Co., 231 Ala. 405, 165 So. 388.

In all of those cases the insured was afflicted with a permanent disease or injury which greatly reduced his physical ability. It was held for instance that a doctor of long experience, with no training or experience in any other line of work, and who was permanently and physically diseased so as to incapacitate him from pursuing that occupation was totally disabled under the terms of such policy. ·

It is thought that this principle applies to appellant.. But, in the first place, there is no evidence that appellant's permanent condition is a disease, but it is merely a susceptibility to reaction when exposed to certain conditions. The evidence of the medical experts is that appellant's condition is a susceptibility to reaction when in contact with printers' ink and washing fluid used by printers; that this trouble is of chemical origin, dealing with hydrocarbon, and that there is little chance to build up a resistance to this sensitive condition. One physician expressed the view that about one-third of such persons succeed in building up a resistance.

In this respect it is said to be dissimilar to that condition where reaction is manifested by hay fever and asthma, in that the latter is a reaction to certain proteins, and that in it a resistance may be artificially built up. But not so when the reaction is to hydrocarbon, subject to the exceptions noted above.

It is therefore assumed that the sensitive condition here involved is permanent. But is that condition a permanent disease when there is no interruption of the normal functions of the body, no permanent inflammation or eruption, no permanent discomforture of any sort, unless constantly subjected to a certain condition? We do not understand that every unusual chemical composition of the body which reacts to those particular conditions is a disease in the meaning of the insurance policy. The inflammation itself may be classed as an occupational disease while it lasts. Gentry v. Swann Co., 234 Ala. 313, 174 So. 530;. American Mut. Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677. But it is not permanent. We have had several cases defining "disease" in various connections. Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466; Thompson v. State, 228 Ala. 231, 153 So. 470; Life Ins. Co. v. Mann, 28 Ala.App. 425, 186 So. 583, 585, certiorari denied 237 Ala. 253, 186 So. 586.

Moreover, our cases, cited above, defining the meaning of a total disability from engaging in any gainful occupation have no application to occupational diseases, though they disqualify one from engaging in the occupation for which he was trained, when such disease, if it is one, does not impair the physical or mental functions of the person when otherwise engaged. If such condition is not manifested, and does not impair his ability when engaged in other employment, it is clearly not within the coverage of the policy.

The case of John Hancock Mut. Life Ins. Co. v. Beaty, supra, presents some points of similarity. But there the woman had varicose veins, which is a permanent disordered condition. Her work in a knitting mill required her to stand on her feet many hours a day. She was as much disabled from doing any other sort of work while standing as that of her regular employment.

In the instant case, it is only this one form of occupation which produces the reaction. He can do any other kind of work without such results. He is physically and mentally capable of doing any other kind of work not requiring technical skill. It is not sufficient that he has not been able to get into something out of which he can earn a satisfactory profit. He can pursue any other ordinary occupation out of which gain is an incident. But like the man with the loss of an arm, as in the Davis case, supra, or the one with the loss of an eye, as in the Page case, supra, he is fully able physically and mentally to fit into some other gainful occupation by reasonable effort and in a reasonable time.

It must be made clear that such terms in a policy do not cover occupational diseases which are not of such permanent effect and quality as to make him unable to pursue other occupations requiring the same physical and mental capacity.

There was no error in giving the affirmative charge for appellee.

Affirmed.

GARDNER, THOMAS, and BOULDIN, JJ., concur.