5 So.2d 741

## MUTUAL LIFE INS. CO. OF NEW YORK v. DANLEY.

### 8 Div. 136.

Court of Appeals of Alabama.

Oct. 7, 1941.

Rehearing Denied Oct. 28, 1941.

Reversed on Mandate Jan. 20, 1942.

Mitchell & Poellnitz, of Florence, and S. M. Bronaugh, and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

RICE, Judge.

This suit by appellee against appellant was for the "disability benefits" on two policies of insurance issued by appellant on the life of appellee. The two policies in question provided (in clauses or riders attached to same) for monthly compensation in the event of total and permanent disability before age 60.

Total disability is defined in the policy as: "When there is any impairment of mind or body which continuously renders it impossible for the insured to follow a gainful occupation."

Danley (appellee) suffered an appendicitis operation in July, 1930, and femoral phlebitis followed the operation. According to the policy's provisions, the insurance company paid him $100 per month for the first five years of his alleged disability and $150 per month for the following period up to March, 1940, when the company stopped paying. Beginning with the third five years' period the company's liability, if any, would be at the rate of $200 per month.

The phlebitis leg is the left leg and it measures a fraction of an inch larger than the right leg. The undisputed testimony is that there is no longer any infection in the leg but it seems that there is scar tissue in the femoral vein in the thigh which was produced by the original infection. This scar tissue diminishes the size of the vein and at times prevents a free flow of the

venous blood to the heart. This condition necessitates a return flow of the blood to the heart to some extent and at times by way of the collateral veins. At times there is pain in the leg and a certain amount of swelling as a result of this condition.

Danley claims that he is totally and permanently disabled by bodily impairment from following any gainful occupation as a result of this leg condition.

Whether he is or is not "totally and permanently disabled" in the meaning of the policy is, as appellant's able counsel somewhere admit in their briefs filed here, the "primary question" in the case.

In other words, the "insufficiency of the evidence to sustain the verdict, in fact or law" is "assigned" here by them; and, according to Supreme Court Rule 10 (for some unexplained reason referred to by counsel in the cause as Rule 20), they could have made our task much simpler by making a "condensed recital of the evidence in narrative form so as to present the substance clearly and concisely"—all in accordance with said rule. But they did not do so. And neither will we.

It will be enough that we say that we have carefully read and examined the entire evidence in the case, sitting en banc.

Appellant's counsel observe: "This court is well aware of the fact that there have been many so-called 'disability' insurance cases before this court and the Supreme Court of Alabama in recent years. Considering the number of cases considered by those courts, and by the several Judges comprising those courts, it is small wonder that it is sometimes difficult to reconcile the language used in all the cases. We will not undertake to do so now, as such an extended discussion would not seem necessary." And again we repeat: Neither will we.

In our opinion, and we hold, as good a definition as any other of "total disability" (no question of permanency being immediately involved) as that term has been defined by the Supreme Court of our State is that used by the learned Judge who conducted the trial of this case in the court below, to-wit: "It does not mean a state of absolute helplessness, but means inability to do substantially all the material acts necessary to the prosecution of insured's business or occupation in substantially the customary and usual manner, or to do substantially all the material acts necessary to the prosecution of some gainful business or occupation which the insured was qualified to do and capable of doing and which would require substantially the same character of physical and mental training and effort.".

The above quoted definition, if not literally, in every minute particular, is certainly in essential substance that laid down by our Supreme Court in its opinion in the case of Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256. So far as we can construe the various opinions cited and discussed by able counsel for appellant, in their briefs filed here, this definition stands unmodified by our Supreme Court. We see no necessity for our undertaking to follow counsel's discussion by comments here, nor even citing the cases. We have read the opinions in them all.

The testimony in the case was such that none but a jury could say whether or not appellee was totally and permanently disabled in the sense of the definition which we have quoted hereinabove. And we deem the testimony on behalf of appellee—in connection with that on behalf of appellant—amply sufficient to support the verdict which the jury returned.

What we have said above disposes of, adversely to appellant's contention, what its counsel term the "primary question in the case;" and of what we designate the "controlling question in the case."

Appellant, of course, upon the submission of the appeal here, filed a brief insisting upon error in rulings made the subject of certain exceptions therein argued. Sometime later it filed, as it might, an additional brief, more elaborately "arguing" the exceptions originally insisted upon; but, in addition thereto, "arguing" other exceptions not originally insisted upon. This latter, of course, cannot avail it.

"It has long been the rule that an assignment of error not insisted upon in original brief is waived, and not to be renewed by being urged in a supplemental brief subsequent to submission of the cause on appeal." Moore v. Cruit, 238 Ala. 414, 191 So. 252, 257, citing Hamilton v. Cranford Mercantile Co., 201 Ala. 403, 78 So. 401; and Holloway v. Calvin, 203 Ala. 663, 84 So. 737.

But we would not be understood as intimating, by quoting Justice (now Chief Justice) Gardner's language in the opinion in the case of Moore v. Cruit, supra, that

there would have been merit in the assignments of error in question had they been argued in appellant's brief filed at the time of submission. We do not think there would have been.

In fact, other than those covered by what we have said hereinabove, we do not think any exception reserved on the trial, and argued here, deserves discussion by us. Each of same appears patently without merit.

The matters pressed for consideration by appellant have been duly considered, and we find no (erroneous) ruling prejudicial to defendant's cause and justifying a reversal of the judgment. It will accordingly be here affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Mutual Life Insurance Co. of New York v. Danley, 242 Ala. 80, 5 So.2d 743.