

5 So.2d 97

W. H. Mitchell, of Florence, and S. M. Bronaugh and Bradley, Baldwin, All & White, all of Birmingham, for petitioner.

5 So.2d 743

**MUTUAL LIFE INS. CO. OF NEW YORK v. DANLEY.**

8 Div. 159.

Supreme Court of Alabama.

Dec. 11, 1941.

Bradshaw & Barnett, of Florence, opposed.

THOMAS, Justice.

Grounds for certiorari are variously stated. Among others, are the following:

The Court of Appeals erred in its definition of the term "total disability" as set forth in its opinion in the following words:

"In our opinion, and we hold, as good a definition as any other of 'total disability' (no question of permanency being immediately involved) as that term has been defined by the Supreme Court of our State is that used by the learned Judge who conducted the trial of this cause in the court below, to-wit: 'It does not mean a state of absolute helplessness, but means inability to do *substantially all the material acts necessary to the prosecution of insured's business or occupation in substantially the customary and usual manner,* or to do substantially all the material acts necessary to the prosecution of some gainful business or occupation which the insured was qualified to do and capable of doing and which would require substantially the same character of physical and mental training and effort." [Italics supplied.]

The Court of Appeals erred in holding that the definition of "total disability" under an insurance policy as set forth in the case of Protective Life Insurance Co. v. Wallace, 230 Ala. 338, 161 So. 256, "stands unmodified by our Supreme Court [of Alabama]."

The decisions in Protective Life Insurance Co. v. Wallace, supra, and Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248, 252, were decided on rehearing by this court on May 2, 1935. Both cases were heard by the whole court. In the Hale case the rule was stated for the court as follows:

"The manifest intent of the contract in this case is that the total permanent disability maturing the contract must be such as to disqualify him, not only from engaging in the occupation, trade, or profession he was engaged in when the disability developed, but he must be *physically disabled from doing and performing the substantial*

*features of any gainful occupation, within the range of his mental and educational capacity, with the required skill and accuracy of any such occupation*, and such disability must be presumably permanent and continuous 1 C.J. pp. 465, 466, §§ 167, 168, and 169; Metropolitan Life Ins. Co. v. Foster [5 Cir.] 67 F.(2d) 264." [Italics supplied.]

In the Wallace case, supra, [230 Ala. 338, 161 So. 259], the rule is thus stated: "Total disability contemplated in insurance policies like the one under consideration 'does not mean, as its literal construction would require, a state of absolute helplessness, but means inability to do substantially all the material acts necessary to the prosecution of insured's business or occupation, in substantially his customary and usual manner'; or to do *substantially all* the material acts necessary to the prosecution of some gainful business or occupation, which the insured was qualified and capable of doing, and which requires substantially the same character of physical and mental training and effort. * * *" [Italics supplied.]

On rehearing in the Wallace case, Mr. Justice Gardner and Mr. Justice Brown qualified their concurrence as follows: "The Court on consideration of the rehearing holds that there is no conflict between the opinion in this case and the opinion in the case of Protective Life Insurance Company v. Hale [230 Ala. 323], 161 So. 248, that *nothing said in the opinion in this case is intended as a modification of the utterances in the Hale Case;* therefore, we concur in overruling the application for rehearing in this case." [Italics supplied.]

It is insisted that there is a conflict between the language in the Wallace case and the Hale case. The Wallace case states that total disability means "inability to do *substantially all the material acts*" necessary to the prosecution of the insured's business, occupation or some other occupation for which he is qualified. The Hale case states that in order to be totally disabled the insured "must be physically disabled from doing and performing the *substantial features of any gainful occupation, within the range of his mental and educational* capacity."

Looking to some of our decisions it will be noted that in the case of Metropolitan Life Insurance Company v. Blue, 222 Ala. 665, 133 So. 707, 710, 79 A.L.R. 852, the clause defining total disability was substantially similar to that here involved. Dr. Blue suffered from a severe case of blood-poisoning for several months after which he undertook to resume his practice. He had, however, a stiffness in one of his wrists, a drawn condition of the little finger and to some extent of the third and fourth fingers on one hand and had a limited freedom of motion in the right shoulder which at times pained him. This Court, in its opinion said:

" 'Prevented from engaging in any work or occupation,' as applied to this case, means *prevented from doing substantial and profitable work in his profession.*

"We cannot give assent to the doctrine that he is totally disabled because he is somewhat handicapped, and cannot do *all the specialized work he could before the disability intervened.* 'Total' is in contradiction to 'partial' disability. The one cannot by mere construction be made to cover the other. Under the uncontradicted evidence, we conclude that, at the time of the trial, Dr. Blue was laboring under only a partial disability." [Italics supplied.]

It will be noted that Mr. Justice Bouldin for the Court states that the phrase "prevented from engaging in any work or occupation" as used in the policy here involved means that the insured is prevented from doing substantial and profitable work in his profession. The Court did not say that he was disabled unless he could do *substantially all* of the duties of his profession. There is a difference between a person's ability (1) to do *substantial and profitable work in his profession* and his ability (2) to do *substantially all* of the *duties of his profession.* If this Court had followed the rule used by the trial judge in the instant oral charge to the jury in the case at bar, it would have held that since Dr. Blue *could not perform all or substantially all of the duties of his profession,* because he did not have the free use of both hands, it would have held that Dr. Blue was totally disabled. It arrived at the contrary result.

In a decision subsequent to those in the Hale and Wallace cases, supra (Equitable Life Assur. Soc. of United States v. Davis, 231 Ala. 261, 164 So. 86, 88, opinion by the same Justice writing in the Blue case, supra), where the insured was an illiterate negro classed as a common laborer, not

qualified to do any work other than that of a common laborer, who had lost the use of his left arm, this Court held that he was not totally disabled within the meaning of a disability insurance policy, and observed:

"It is of common knowledge that a man accustomed to manual labor, if otherwise in sound health, is not totally disabled to engage in many gainful occupations of that class.

&ast; &ast; &ast; &ast; &ast;

"The general formula above quoted from the Wallace Case is not to be construed to strike out the word 'total' from such contracts, nor to abolish all distinction between 'partial' and 'total' disability. Such construction would rewrite the contract, would work a conflict between the Wallace Case and the Hale Case, considered at the same time, wherein our former decisions (New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547; Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A.L.R. 852) are cited and followed."

If *total disability* means inability to do substantially all of the acts necessary to the prosecution of the insured's business or some other business for which he is qualified, this Court could not have held in the Davis case, supra, that the insured was not totally disabled. A manual laborer with the use of one arm cannot do all the substantial duties of manual labor, the only kind of work for which he is qualified. In distinguishing the Wallace case, supra, this court has sought to so construe that opinion as to bring it in line with the opinion in the Hale case, supra. At least this is the effect of the limited concurrence indicated. This was not saying, however, that a trial court was not in error in instructing a jury in the exact language of the opinion in the Wallace case and not that used in the Hale case.

All of our subsequent decisions have not changed the rule laid down in the Hale case, supra, since the Court has chosen the rule or language of the Hale case rather than that of the Wallace case.

In a subsequent decision, Page v. Prudential Ins. Co. of America, 231 Ala. 405, 165 So. 388, 389, it appears that the plaintiff was an employee of a railroad as a brakeman, switchman or flagman. He got a cinder in his right eye, which finally resulted in the permanent total loss of the sight of that eye. He was thereby rendered permanently and totally disabled to engage in

his employment as a member of a train crew. He was 47 years of age and had followed the avocation of a brakeman, flagman or switchman on the railroad the majority of his life and knew no other trade or profession but was of normal and average intelligence with ability to read and write. This Court held that Page was not totally disabled within the meaning of a policy of insurance providing for disability benefits. In the course of its opinion, this Court cited and quoted from both the Hale case and Wallace case, then made this statement:

"We make no effort to harmonize the rule declared in our late cases with all the utterances of former decisions, nor to differentiate our several cases. We follow the last word on the subject as declared by the full court."

As we understand it, at that time Equitable Life Assur. Society v. Davis, supra, was the last word on the subject, prior to the Page case, and it was no doubt the Davis case which that Justice referred to in stating that the Court was following the "last word on the subject." The Davis case is pertinent for it not only follows the Hale case, but specifically states that the Wallace case is not to be construed as being contrary to the Hale case, as such a construction would abolish the distinction between "partial" and "total" disability, which the Court did not intend.

The Hale case was followed in the case of Equitable Life Assurance Society v. Hornsby, 232 Ala. 419, 168 So. 145, and in its opinion by the now Chief Justice, the Court refers to the Davis, Hale and Page cases, to which we have hereinbefore called attention. In the Hornsby case the Court quoted from the Davis case wherein that quoted and approved the language of the Hale case to the effect that the insured must be physically disabled "from doing and performing the substantial features of any gainful occupation." It is not declared that an insured is disabled unless he can perform *substantially all* of the duties of his or some other occupation for which he is qualified, which is the language of the Wallace case, but follows the language of the Hale case, which stated that the insured has to be unable to do the substantial features of some gainful occupation.

This is the state of the law in Alabama at the present time. There is a clear distinction between a person being able to

do *substantially all* of the duties of some gainful occupation, and the ability of a person to do the *substantial features* of some gainful occupation. In the case of New York Life Insurance Co. v. Stoner, 8 Cir., 109 F.2d 874, 878, it is·said:

"An interpretation that to constitute engaging in any business for remuneration and profit means that he himself must physically be able to perform all of the duties of the business as substantially constitute that business would do violence to the plain terms of the policy agreement. Unwarranted results would follow from such a construction, for if a man were engaged in a mercantile business and could do all the substantial and material acts necessary and proper in carrying on of that business he would under this interpretation be considered totally disabled if he were unable to do the work of every clerk and employee in that business."

Adverting to the case of Page v. Prudential Ins. Co. of America, 231 Ala. 405, 165 So. 388, 389, it will be noted that it is expressly stated:

"In Wilson v. Metropolitan Life Ins. Co., 187 Minn. 462, 245 N.W. 826, 827, 829, the Minnesota court, declaring its adherence to the liberal rule of construction, says: 'The existence of total and permanent disability so as to prevent the plaintiff from engaging in any occupation and performing any work for compensation or profit must mean any occupation similar to that in which he was ordinarily engaged before the accident, or for which he may be capable of fitting himself within a reasonable time.' We think this a sound holding. Any more liberal rule would virtually enlarge the coverage to occupational disability.

"We make no effort to harmonize the rule declared in our late cases with all the utterances of former decisions, nor to differentiate our several cases. We follow the last word on the subject as declared by the full court."

In Bentley v. Protective Life Ins. Co., 239 Ala. 163, 194 So. 496, 497, the insured suffered from an inflammation in his hands and arms caused by printers ink. This trouble caused him to abandon his occupation of printing which he had followed since early childhood and in which he had become expert. He had not trained for any other occupation. He claimed that as a result of this inflammation he was totally disabled within the meaning of a disability insurance policy. This Court denied him recovery, and in the course of its opinion said:

"In the instant case, it is only this one form of occupation which produces the reaction. He can do any other kind of work without such results. He is physically and mentally capable of doing any other kind of work not requiring technical skill. It is not sufficient that he has not been able to get into something out of which he can earn a satisfactory profit. He can pursue any other ordinary occupation out of which gain is an incident. But like the man with the loss of an arm, as in the Davis case, supra, or the one with the loss of an eye, as in the Page case, supra, he is fully able physically and mentally to fit into some other gainful occupation by reasonable effort and in a reasonable time."

Counsel conclude the subject for appellant by saying: "To say that a person is totally disabled if he is unable to perform the substantial features of a gainful occupation is one thing—to say that such a person is totally disabled if he is not able to perform all of the material duties of some gainful occupation is another thing. If the latter definition is accepted, * * * there can be no such thing as partial disability, * * * the true rule is and should be that total disability as used in the policies sued on in this case means that the *insured must be unable to substantially perform the duties of any substantially gainful occupation* for which he is qualified by training, education and experience." [Italics supplied.]

The result of our many decisions, therefore, is the true rule that total disability within the meaning of the policies here involved means inability to substantially perform the duties of any substantially gainful occupation for which he is qualified by training, education or experience. *The proper test is not whether an insured can do all or substantially all of the things he previously did in following a gainful occupation, but whether or not the insured can substantially perform the material duties of some occupation for which he is qualified.* John Hancock Mut. Life Ins. Co. v. Beaty, 230 Ala. 638, 162 So. 281.

We repeat that the Wallace case conflicts with the rule stated in the Hale case, in that the Wallace case defines "total disability" as inability to do *substantially all*

the material acts etc., and the Hale case gives the rule to be applied in total disability as that the insured must be physically disabled from doing and performing the *substantial features of any gainful occupation within the range of his mental and educational capacity.* A decision is necessary under the view that prevailed in the trial court and in the Court of Appeals.

The necessities of the case have required that we follow the decisions pressed by distinguished counsel in order to bring about harmonization of said decisions and not cause a misapprehension on the part of the jury being instructed.

The charge given in the lower court, which has the approval of the Court of Appeals, misstated the rule that obtains in such cases. The Court of Appeals says, after quoting the charge given to the jury by the lower court, "The above quoted definition, if not literally, in every minute particular, is certainly in essential substance that laid down by our Supreme Court in its opinion in the case of Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256."

We are of the opinion and hold that there was error to reverse in giving the jury the charge in question with reference to the Wallace case, supra, without harmonizing it with the Hale and subsequent cases, supra.

The Wallace case, supra, is modified to conform to the decisions we have indicated.

It results from the foregoing that the writ of certiorari should be granted. It is so ordered.

Writ granted.

All the Justices concur, except KNIGHT, J., not sitting.