5 So.2d 780
### MUTUAL LIFE INS. CO. OF NEW YORK v. DANLEY.
### 8 Div. 113.

Supreme Court of Alabama.

Jan. 15, 1942.

W. H. Mitchell, of Florence, and S. M. Bronaugh and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

GARDNER, Chief Justice.

This is a companion case to that of the Mutual Life Insurance Company of New York decided by the Court of Appeals, and here reviewed on petition for certiorari. Mutual Life Insurance Company of New York v. Clyde Danley, 5 So.2d 741.

In this latter case, in an opinion by Mr. Justice Thomas, there is full discussion of the correct definition of the words "total disability" with citation of many of our cases, disclosing that Protective Life Insurance Company v. Wallace, 230 Ala. 338, 161 So. 256, has been modified by subsequent decisions.

▮ In the oral charge of the Court the language of the Wallace case was followed and considered as unmodified by the more recent authorities. The opinion in Mutual

136

Life Insurance Company of New York v. Clyde Danley, 5 So.2d 741, suffices to demonstrate that the exception reserved to this portion of the oral charge was well taken and that reversible error here appears.

█ Other portions of the oral charge indicate that the trial court construed the contract as applicable when only occupational disability was shown, where in fact it has reference to any gainful business or occupation, as observed by this Court in Equitable Life Assur. Soc. v. Hornsby, 232 Ala. 419, 168 So. 145.

But as the exception to the oral charge first above noted suffices for all purposes, a consideration of other questions is here unnecessary, especially in view of the opinion in Mutual Life Insurance Company of New York v. Clyde Danley, supra.

Upon that authority the judgment is reversed and the cause remanded.

Reversed and remanded.

THOMAS, BROWN, and FOSTER, JJ., concur.