42 So.2d 584

**JEFFERSON STANDARD LIFE INS. CO. v. SMITH.**

8 Div. 484.

Supreme Court of Alabama.
Oct. 27, 1949.

Hugh A. Locke, Birmingham, and Brown, Scott & Dawson, Scottsboro, for appellant.

Proctor & Snodgrass, Scottsboro, for appellee.

BROWN, Justice.

This is an action of assumpsit by the appellee against appellant for breach of the conditions of a policy of insurance, insuring her against permanent and total disability. The face of the policy which insures her life is for the sum of $5,000 naming her mother and father as beneficiaries and the

provisions insuring her against total disability obligate the defendant on being furnished proof of such disability to pay to the insured monthly one percent of the face value of the policy so long as insured remains permanently disabled.

The evidence was taken partly by deposition but in the main by testimony given ore tenus in open court. The trial resulted in a judgment for the plaintiff in the sum of $1,299.20 from which the defendant appealed. There was no motion for a new trial.

The assignments of error challenge the judgment of the court on the ground that it is "so contrary to the preponderance of the evidence as to force the conclusion that it is wrong and unjust"; that it is so contrary to the overwhelming weight of the evidence "as to force the conclusion that it is a product of bias, prejudice, or passion", and that there is "no evidence in the cause to support the judgment of the trial court".

■ After careful examination of the evidence adduced on the trial, which is in some respects in sharp conflict as to the conflict as to the condition of the plaintiff's health, there is ample evidence going to show that she is totally disabled within the rule of our decisions. Mutual Life Ins. Co. of New York v. Danley, 242 Ala. 80, 5 So. 2d 743.

■ The overruling of the defendant's objection to the interrogatories addressed to one of the medical witnesses by the trial judge, the basis of assignment of error 5, was rendered innocuous by the favorable answer to the defendant.

■ Indulging the usual presumption in favor of the conclusion of fact by the trial court where the evidence is conflicting or given ore tenus in open court in the main, we are of opinion that the several assignments of error are without merit. Gray v. Weatherford, 227 Ala. 324, 149 So. 819.

Affirmed.

FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.