485 F.Supp. 1018 (1980)
Denver SAMPLE, Plaintiff,
v.
MONSANTO COMPANY, Defendant.
No. 79-1462C (4).
United States District Court, E. D. Missouri, E. D.
March 12, 1980.
Lawrence O. Willbrand, St. Louis, Mo., for plaintiff.
Arthur L. Smith, Robert L. Kelley, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendant's motion for summary judgment or, in the alternative, for an order compelling arbitration and for a stay pending arbitration. For the reasons stated below, defendant's *1019 motion for summary judgment will be granted.
On or about November 6, 1979, plaintiff filed this action in state court seeking benefits for permanent and total disability under an employee benefit plan maintained by defendant. The cause was removed to federal court with jurisdiction based on a federal question under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. [ERISA].
Defendant admits plaintiff has claimed total and permanent disability benefits and admits it has refused to pay such benefits. However, defendant argues that plaintiff has failed to pursue his remedies as set forth in the employee benefit plan.
The plan contains a claim procedure which requires that all disputed claims for total and permanent disability benefits under the plan be submitted to medical arbitration by an independent physician selected jointly by the employee and the defendant. Nonetheless, plaintiff did not submit his disputed claim for a determination by a medical arbitrator before initiating these judicial proceedings.
Defendant now moves the Court for summary judgment based on plaintiff's failure to exhaust administrative remedies.
In his first amended complaint, plaintiff asserts that (1) medical arbitration would be futile; (2) medical arbitration is a wrongful and unreasonable delegation of defendant's fiduciary duties under the employee benefit plan; and (3) the doctrine of laches bars any defense based on medical arbitration.
However, plaintiff has failed to allege any facts that support his general allegations that recourse to the plan claims procedures would be futile and that he was denied access to those procedures.
Further, the Court finds that the medical arbitration procedures are a reasonable delegation of defendant's fiduciary duties under the plan.
The broad managerial discretion granted trustees under ERISA indicates a congressional intent that they be primarily responsible for establishing and operating claims procedures under employee benefit plans. See generally 29 U.S.C. §§ 1101-1114. The federal courts generally limit their review of disputed claims and intervene only where trustees have acted arbitrarily or capriciously. E. g., Taylor v. Bakery & Confectionary Union & Industry Int'l Welfare Fund, 455 F.Supp. 816 (E.D.N.C. 1978).
Applying this standard, the Court finds that the medical arbitration procedures provide a fair mechanism for resolving beneficiary disputes in recognition of the medical expertise required to determine the nature and extent of a claimed disability.
Finally, the Court finds defendant is not estopped by the doctrine of laches from raising any defense based on medical arbitration.
Defendant paid temporary disability benefits to plaintiff through December of 1978 at which time it denied plaintiff's claim for total and permanent disability benefits. On December 4, 1978, defendant wrote to plaintiff outlining disputed claim procedures under the plan. Plaintiff was given a full opportunity to present independent medical evidence and to seek review of the denied claim. Any delay in insisting on medical arbitration would have been caused by plaintiff's failure to seek administrative review before filing this suit for an alleged breach of contract by the defendant.
Therefore, the Court concludes that plaintiff's refusal to submit his claim to medical arbitration has been unjustified.
Reviewing the pleadings, affidavits, and memoranda filed to support and oppose summary judgment, the Court finds no genuine issues of material fact and concludes defendant is entitled to summary judgment as a matter of law. Rule 56, Fed.R.Civ.P.
Therefore, defendant's motion for summary judgment will be granted and this cause dismissed without prejudice. Defendant's alternative motion to compel arbitration is rendered moot.