**Ronnie WEEKS, Plaintiff,**

v.

**COCA-COLA BOTTLING COMPANY OF ARKANSAS; and Retirement Plan for Employees of Coca-Cola Bottling Company of Arkansas, Defendants.**

**No. LR–C–79–104.**

United States District Court,
E. D. Arkansas, W. D.

June 23, 1980.

J. R. Nash, North Little Rock, Ark., for plaintiff.

Vincent Foster, Jr., Hillary Rodham, Rose, Nash, Williamson, Carroll, Clay & Giroir, Little Rock, Ark., for defendants.

MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

The plaintiff filed his Complaint on March 5, 1979 alleging that the defendants had arbitrarily and without meritorious consideration of his claim denied requested retirement benefits on or about December 30, 1977. The letter dated January 4, 1978 from the Retirement Committee denying the benefits explained that the Committee had considered the plaintiff's situation and had examined the medical evidence but found that he did not come within the definition of "totally and permanently disabled" pursuant to § 2.4 of the Plan. The court finds that this notification to the plaintiff substantially complied with the Plan procedures provided under § 4.12 of the Plan as required by 29 U.S.C. § 1133. Pursuant to the requirements of 29 U.S.C. § 1133(2), the Retirement Plan afforded the plaintiff a reasonable opportunity to a full and fair review before the Committee by filing a request, in writing, within ninety (90) days to appear before the Retirement Committee. However, the plaintiff did not avail himself of this provision of the Retirement Plan and instead has sought review by this court of the decision of the Retirement Committee.

The plaintiff argues that the notice of denial of disability benefits failed to inform the plaintiff of his right to take advantage of this 90-day appeal procedure and, in fact, the notice did not so inform the plaintiff. In filing his complaint in federal court, the plaintiff argues that his time had elapsed before the retention of counsel and before he understood that he had this 90-day appeal period to the Retirement Committee. However, no attempt was made by the plaintiff to avail himself of this procedure, and he argues that the Retirement Committee would have summarily denied any retirement request outside the 90-day period. On the present state of the facts, it is impossible to say whether or not the Retirement Committee would have so acted. The equities of this situation called for the Retirement Committee to be required to allow the plaintiff to present additional evidence outside this 90-day period, and the Court should not assume that had this request been made, it would have been denied. If the plaintiff had attempted to carry out this procedure once he had retained counsel and after the expiration of the 90-day period, in all likelihood the issues in this case would have been narrowed. The Retirement Committee would either have allowed him to introduce this additional evidence and thereby provided the District Court with a more complete record for review or the Committee would have denied this request and the plaintiff could have relied on this denial as evidence of arbitrary and capricious actions on the part of the Committee. Requiring the plaintiff to follow this procedure would seem to be much more logical and consistent with the standard of review to which the District Court is limited.

In its judicial review of the Retirement Committee actions, the District Court is limited to the standard of whether or not the Committee acted arbitrarily or capriciously or in abuse of its discretion. *Buenenman v. Central States S.E. and S.W. Area Pension Fund*, 572 F.2d 1208 (8th Cir. 1978). The Court is not permitted to conduct a *de novo* hearing. *Danti v. Lewis*, 114 U.S.App.D.C. 105, 312 F.2d 345 (1962).

However, the court and the defendants first learned that the plaintiff intended to offer additional evidence (both medical and lay) going to the plaintiff's disability when the plaintiff filed his response to the pre-trial conference information sheet on May 1, 1980. (Trial was scheduled to begin June 23, 1980.) Immediately upon notice of this intention, the defendants filed a motion in limine on May 6, 1980 seeking to prevent the plaintiff from introducing the additional evidence of disability since it had not been presented to the Retirement Committee. Thereafter, the defendants filed a Motion for Summary Judgment or in the Alternative Remand. The plaintiff responded to the defendants' motions and on May 15, 1980 filed a Motion for Leave to File Amendment to Complaint (which the defendants opposed). Incorporated within the motion was the proffered amendment. The critically important paragraph of the plaintiff's proffered amendment is No. 14 which states:

That the defendants have wrongfully denied plaintiff meaningful access to retirement fund procedures and recourse to fund procedures would be futile.

Although no factual allegations are present to support this conclusional allegation, for the purposes of this memorandum and order, the Court treats the plaintiff's complaint amended as requested to include this paragraph 14.

Where the District Court feels that the record is incomplete, the Eighth Circuit has stated that the appropriate course for it to take is to remand the matter to the trustees for further exposition of the record. See *Phillips v. Kennedy*, 542 F.2d 52, 55, n. 10 (1976). As the Eighth Circuit intimated in *Phillips, supra*, the record to be reviewed by the Federal District Court is that record which existed before the trustees at the time the pension application was denied.

"Reviewing the record before the trustees at the time the pension application was denied, . . . ." At 55.

If the court were to take any other course of action in this case, it would unduly

broaden the scope of review by the court of the decisions of the fiduciaries entrusted with administering these retirement programs and would be in contravention of the legislative intent of Congress. *Taylor v. Bakery & Confectionery Union, etc.*, 455 F.Supp. 816 (E.D. N.C. 1978). "If the trustees' decisions could be challenged when incomplete, their ability to expertly and efficiently manage the fund would be undermined, and the burden on the Federal Courts increased due to frivolous suits. See *Rothlein v. Armour & Company, Inc.*, 391 F.2d 574, 578–79, n. 21 (3rd Cir.1968)." *Taylor v. Bakery & Confectionery Union, etc., supra* at 820. Had the Retirement Committee refused to hear this proffered evidence, it would be admissible as going to the question of whether the Committee's actions were arbitrary and capricious. But this is not the reason it is being offered. Rather, it is being offered to contest the issue of permanent and total disability. This issue of fact is one which must first be resolved by the Retirement Committee by a consideration of all the relevant evidence of disability before the District Court may be called upon to intervene.

The Court finds that the plaintiff was not wrongfully denied meaningful access to the inner fund procedures, that presenting the additional evidence of disability to the Retirement Committee would not be futile, that the record as developed before the Retirement Committee is incomplete and therefore, the defendants' Motion to Remand to the Retirement Committee for the taking of additional evidence and a reconsideration of the plaintiff's claim is granted.