511 F.Supp. 361 (1981)
INTERNATIONAL MOLDERS AND ALLIED WORKERS UNION, AFL-CIO, CLC, Plaintiff,
v.
AQUARIUS SHOE CORP., Defendant.
No. 80-1155C(A).
United States District Court, E. D. Missouri, E. D.
March 19, 1981.
*362 John Goffstein, Bartley, Goffstein, Ballato & Lange, St. Louis, Mo., for plaintiff.
Ronald K. Fisher, Michael Kaemmerer, Harris, Dowell, Fisher, McCarthy & Kaemmerer, Chesterfield, Mo., for defendant.

MEMORANDUM OPINION
HARPER, Senior District Judge.
This matter is before the Court on the motion of the defendant, Aquarius Shoe Corporation, to dismiss this action. Due to the parties' references to exhibits and affidavits outside the pleadings in support of and opposition to this motion, the Court advised the attorneys for the parties that the motion would be treated as a motion for summary judgment, and the attorneys were given twelve days within which to file additional affidavits and exhibits in support of the motion. F.R.Civ.P. 12(b).
Plaintiff, International Molders and Allied Workers Union, AFL-CIO, CLC, brought this action in two counts. Count I alleged, under the Labor Management Relations Act, 29 U.S.C. § 185, that the defendant breached a collective bargaining contract obligation to maintain certain hospitalization and surgical insurance benefits (hereinafter referred to as Benefits). Count II alleges, under the Employee Retirement Income Security Act (hereinafter referred to as ERISA), 29 U.S.C. § 1132(e), (f), that by failing to maintain the aforementioned insurance benefits the defendant violated its fiduciary responsibilities under ERISA, specifically failing to act in the interest of the participants and beneficiaries of the insurance plan and to act with care, skill, prudence and diligence under the prevailing circumstances. 29 U.S.C. § 1104(a).
The defendant has filed this motion with respect to Count I on the ground that the plaintiff failed to allege an exhaustion of non-judicial remedies prior to filing this lawsuit, and with respect to Count II on the ground that the plaintiff is not a "fiduciary," as defined by 29 U.S.C. § 1002(21)(A), entitled to sue under 29 U.S.C. § 1132.
With respect to this motion the parties refer the Court to the pleadings, memoranda in support of and opposition to this motion, a collective bargaining agreement dated April 19, 1979, the affidavits of Jerome L. Opinsky and Thomas F. Phalen, Jr., and correspondence between Opinsky and Phalen, Phalen and Ronald K. Fisher, William Bonnifer and Fisher, Phalen and Paul W. Seabough, Burton Freed and Phalen, Carl Studenroth and Brenda Meier, and Studenroth and Phalen. Upon careful review of the parties' references, the Court finds that the defendant is entitled to summary judgment on Counts I and II.
Upon a motion for summary judgment this Court must view the facts in a light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences. Weber v. Towner County, 565 F.2d 1001 (8th Cir. 1977); New England Mutual Life Ins. Co. v. Null, 554 F.2d 896 (8th Cir. 1977). Summary judgment will be granted if "the movant has established his right to judgment with such clarity as to leave no room for controversy and that the other party is not entitled to *363 recover under any possible circumstances." New England Mutual, 554 F.2d at 901.
"It is a settled principle that no action can be brought under 29 U.S.C. § 185(a) until a party attempts to exhaust his contractual remedies as to any claim." Petersen v. Rath Packing Co., 461 F.2d 312, 315 (8th Cir. 1972); Bonnot v. Congress of Independent Unions Local # 14, 331 F.2d 355 (8th Cir. 1964). Exhaustion of nonjudicial remedies must be pled in a complaint. Hayes v. New England Millwork Distributors, 602 F.2d 15, 18 (1st Cir. 1979).
The plaintiff has not exhausted its nonjudicial remedies because it contends that any attempt to use arbitration would be "wholly futile or indefeasible." The plaintiff in its memorandum in opposition to defendant's motion to dismiss or in the alternative for summary judgment, states:
"[R]esort to arbitration would be futile because the arbitrator would have nothing to interpret. * * * The employer does not dispute that Article XVII clearly imposes a duty upon it to continue hospitalization insurance. The Employer has never denied its obligation to provide coverage required by the contract; nor has it raised an issue through the date of this memorandum concerning coverage, or questioned coverage, that would require an arbitrator to interpret the contract. Indeed, the Employer has admitted liability for the claims by hospitals and physicians against its employees by setting several of the claims without raising such an issue."
Assuming, however, arguendo, that an employer's admission of liability excuses exhaustion of non-judicial remedies, the Court finds that by no possible inference from the parties' references has the defendant done so.
The references show that the parties agreed, in Article XVII of an "Agreement" dated April 19, 1979 (hereinafter referred to as Agreement), that "[t]he Company will continue in effect its present Hospitalization and Surgical Insurance benefits on the same contributory basis as presently exists." After Benefit problems arose the defendant represented to the plaintiff that a dispute existed between the defendant and the insurer (Blue Cross) and that "the Company intends to make payment but that a reimbursement agreement by Blue Cross had been submitted to it for approval. * * [T]he problem occurred when the exact amount of each person's reimbursement was considered against deductibles, prior payments, etc., and that Blue Cross agreed to administer that portion of the claims for a stated fee." (Attachment 6.)
The defendant notes that in paragraph 16 of Phalen's affidavit he states:
"During the entire period of [the Union's] contacts with [the company] no representative of Aquarius Shoe or Inland Shoe ever represented to me that there was an issue concerning the Company's obligation to provide the benefits in question under the provisions of the collective bargaining agreement."
These and other references show that when Benefit problems arose the defendant neither misled the plaintiff as to ultimate responsibility for Benefits nor negotiated with Blue Cross in bad faith. The defendant sought relief from the commercial insurer and it never assumed direct responsibility for employee claims. Its statement to the plaintiff that "the Company intends to make payment * * *" must be read in context with its concurrent disclosure of the reimbursement agreement it was then seeking from Blue Cross. Phalen's statement in his affidavit that "no representative of [the Company] ever represented to me that there was an issue concerning the Company's obligation to provide the benefits in question * * *" begs the instant question defining the defendant's obligations under Article XVII of the Agreement.
Accordingly, the Court finds that by no reasonable inference has the defendant admitted an obligation to self-insure the Benefits, that non-judicial remedies under Article VI of the Agreement are not "wholly futile or indefeasible," and that the plaintiff *364 cannot now establish facts necessary for recovery under Count I under any possible light.
With respect to Count II the defendant has also failed to exhaust non-judicial remedies. Assuming, arguendo, that the plaintiff Union is a "fiduciary" under 29 U.S.C. § 1002(21)(A) with standing to sue under ERISA, 29 U.S.C. § 1132, cf. Central States, Southeast and Southwest Areas Pension Fund v. CRST, Inc., 641 F.2d 616 (8 Cir. 1981), Eaves v. Penn, 587 F.2d 453, 458-59 (10th Cir. 1978), courts have implied an exhaustion doctrine in suits under ERISA seeking pension benefits, Haeberle v. Board of Trustees, 624 F.2d 1132, 1134 n. 3 (2nd Cir. 1980), Amato v. Bernard, 618 F.2d 559 (9th Cir. 1980), and medical benefits. Sample v. Monsanto Co., 485 F.Supp. 1018 (E.D.Mo.1980).
For reasons set forth in those precedents and in resolution of Count I, the Court finds that the plaintiff cannot establish facts necessary for recovery under Count II under any possible light.
Accordingly, the Court HEREBY GRANTS the defendant's motion for summary judgment on Counts I and II. The Court notes that this disposition does not bar the plaintiff from bringing future actions after exhaustion of non-judicial remedies. Amato, 618 F.2d 559, 569.
The Clerk of the Court will prepare and enter the proper order granting the defendant summary judgment on Counts I and II.