Clark Ray HELMS and Betty
Helms, Plaintiffs,

v.

MONSANTO COMPANY, Defendant.

No. CV 82–L–5141–NE.

United States District Court,
N.D. Alabama,
Northeastern Division.

Nov. 29, 1982.

Patrick A. Jones, Knight & Griffith, Cullman, Ala., for plaintiffs.

Arthur L. Smith, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., Larry B. Childs, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendant.

MEMORANDUM OF OPINION

LYNNE, Senior District Judge.

This is an action by Clark Ray Helms for Declaratory Judgment claiming that defendant, Monsanto Company, Helms' employer, wrongfully denied him total and permanent disability benefits. The disability benefits plaintiff seeks are provided by

Monsanto Company's Disability Income Plan ("DIP"). DIP is an employee welfare benefit plan as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1002(1). Thus, the provisions of ERISA control this case.

DIP provides benefits to Monsanto employees who are totally and temporarily disabled and those who are totally and permanently disabled. According to DIP:

*"Total and Permanent Disability"*

An eligible employe shall be deemed to be Totally and Permanently Disabled only when and during the period that it is determined by the Corporation's Department of Medicine and Environmental Health solely on the basis of medical evidence furnished to the Corporation from time to time that: 1) he is totally disabled and continues to be totally disabled by reason of bodily injury or disease so as to be prevented thereby from engaging in any occupation or employment for remuneration or profit (as determined by the Corporation); 2) his condition of disability has existed continuously for not less than six consecutive months; and 3) his condition of total disability is presumed to be permanent during the remainder of his life. It must also be determined that 1) his condition of total disability did not result from i) any service for another employer, including service in the Armed Forces of any country, or from activity other than employment with the Employer pursued for remuneration or profit on a full-time, part-time, temporary or permanent basis; ii) warfare or acts of the public enemy; iii) participation in any criminal or unlawful act; or iv) willful misconduct; and 2) he has not attained his 65th birthday.

In May, 1980, plaintiff submitted to Monsanto his "Statement of Claim for Disability Benefits" as provided in DIP, claiming that as a result of retinitis pigmentosa he was totally and permanently disabled within the terms of DIP and therefore entitled to benefits under the Plan. Upon receipt of plaintiff's claim, the Employee Benefits

Plan Committee ("EBPC"), which administers DIP, referred the matter to Monsanto's medical department. After examining plaintiff and reviewing reports from several of plaintiff's doctors, the Monsanto medical department found that plaintiff was not totally and permanently disabled within the Plan definition. Helms did not agree. DIP prescribes the procedure to be followed when an employee and the Company disagree on whether the employee is disabled. DIP provides:

In the event of an unresolved disagreement between the Corporation and an employe as to whether the employe is Totally and Permanently Disabled, the employe shall be examined by the licensed medical practitioner or practitioners jointly selected by the Corporation and the employe, and the decision of such licensed medical practitioner or practitioners so jointly selected shall be binding on the Corporation and the employe. The fees and expenses of the medical practitioner or practitioners so jointly selected shall be shared equally by the Corporation and the employe. Before making a decision, the medical practitioner or practitioners so jointly selected may consult and confer with the medical practitioners who previously examined the employe at his request or at the Corporation's request. No such examination and determination shall be made more often than semi-annually.

In accordance with the Plan, Monsanto and plaintiff jointly selected a third-party medical expert, Dr. Harold Skalka, to arbitrate their differences regarding the extent of plaintiff's disability. Dr. Skalka is a board certified ophthalmologist and presently is a professor and chairman of the Department of Ophthalmology at the Eye Foundation Hospital associated with the Medical School of the University of Alabama. Pursuant to the terms of the Plan, Helms and Monsanto agreed that Skalka's decision would be binding on both of them. On February 18, 1982, Dr. Skalka examined plaintiff for approximately two hours and reviewed the medical reports of other doc-

tors who had examined him. Dr. Skalka concluded that plaintiff indeed had retinitis pigmentosa [1] and that he was disabled from performing any occupation requiring significant visual acuity. Dr. Skalka further concluded, however, that Helms was not totally and permanently disabled from engaging in any occupation for remuneration or profit and therefore did not meet the DIP definition of disability. Monsanto, on the basis of Dr. Skalka's decision, denied plaintiff's claims for disability benefits.

This case presents two questions for the Court's consideration. First, is the procedure by which the parties delegate the decision-making function to Dr. Skalka somehow improper under ERISA? Second, was Dr. Skalka's decision that plaintiff was not totally and permanently disabled arbitrary and capricious so that plaintiff can avoid the binding effect of the third-party arbitrator's decision?[2] This Court answers both questions in the negative.

■ Section 503 of ERISA requires that each ERISA plan provide a claims procedure that affords a participant with a full and fair review of a decision denying him benefits. This court holds that the procedure prescribed by DIP adequately provides for such a full and fair review. First, the Labor Department's ERISA regulations make clear that the fiduciary, in this case EBPC, may designate a person to review a participant's denied claim. 29 C.F.R. § 2560.503–1(g)(1). Second, nothing in ERISA expressly prohibits such a delegation. Third, such a delegation is not inconsistent with the policies underlying ERISA. A participant can receive a full and fair review of his denied claim from a person designated by the EBPC, especially when the plan participant participates in the selection of such person as in this case. The Plan's fiduciaries and this Court are bound by the language of DIP unless the provision in question is clearly inconsistent with the policies underlying ERISA. *Blackmar v. Lichtenstein,* 603 F.2d 1306 (6th Cir.1980); *Flinchbaugh v. Chicago Pneumatic Tool Co.,* 531 F.Supp. 110 (W.D.Pa.1982). Thus, the designation of a third-party expert such as Dr. Skalka is not an improper delegation of the EBPC's fiduciary duties. Another federal court has reached the same conclusion. *Sample v. Monsanto,* 485 F.Supp. 1018 (E.D. Mo.1980). In *Sample* the court ruled:

[T]he medical arbitration procedures are a reasonable delegation of defendant's [Monsanto's] fiduciary duties under the plan.

485 F.Supp. at 1019. This Court agrees.

To the extent Dr. Skalka may be deemed to have acted as the delegate of the EBPC as fiduciary under the plan of EBPC, his decision was effectively that of the fiduciary. The courts have unanimously held that a fiduciary's decision is to be upheld on review unless it is arbitrary and capricious. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.,* 637 F.2d 357 (5th Cir.) *cert. denied* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). *Bueneman v. Central States, Southeast and Southwest Areas Pension Fund,* 572 F.2d 1208 n. 3 (8th Cir. 1978); *Taylor v. Bakery & Confectionary*

1. Generally, retinitis pigmentosa is an hereditary disease of the retina which is marked by a slowly progressive withering of the nerve cells, a deterioration of blood vessels and a wasting of the optic disk. It is marked by a constriction (reduction in size) of the field of vision.

2. The Monsanto DIP also contains benefits for total and temporary disability. An employee is totally and temporarily disabled if he is unable to perform substantially all of the duties of his position with the company or in other appropriate work assigned to him by the corporation for which he is reasonably trained or educated. Benefits under the temporary disability provision expired in November, 1982, 30 months from Helms' last day at work. Helms raises no issue about his entitlement to benefits under the Plan's total and temporary disability provisions.

Assuming that Dr. Skalka as arbitrator had ruled in Helms' favor on February 18, 1982, he would have been entitled to convert from total and temporary disability to total and permanent disability and would have received, under the total and permanent disability provisions, $450.66 per month commencing in March, 1982. Because Dr. Skalka did not rule for Helms, Monsanto continued to treat Helms as temporarily disabled, under the standard applied to that plan provision, rather than permanently disabled.

*Union & Industry Int'l. Welfare Fund,* 455 F.Supp. 816 (E.D.N.C.1978). Dr. Skalka's decision should be reviewed under the same standard.

■ The standard of review of decisions by ERISA fiduciaries is the same as the standard found in decisions interpreting the Labor Relations Management Act. *Fentron Industries, Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1307 (9th Cir. 1982). A fiduciary's decision may be overturned only if made in bad faith or unsupported by substantial evidence. *Id.* at 1307. As the court in *Weisler v. Metal Polishers Union,* 533 F.Supp. 209 (S.D.N.Y.1982) noted, the fiduciary's decision need not be the best decision, but only one that has a rational justification. Courts have generally held that an administrative decision is arbitrary and capricious when it wholly lacks a rational basis. *Campbell Sixty-Six Express, Inc. v. United States,* 258 F.Supp. 529 (W.D. Mo.1966); *Eastern Central Motor Carriers Assoc. v. United States,* 239 F.Supp. 591 (D.C.D.C.1965); *Dell Publishing Co. v. Summerfield,* 198 F.Supp. 843 (D.C.D.C.1961).

■ This Court cannot conclude that Dr. Skalka's decision was arbitrary and capricious. The doctor's own examination of plaintiff in addition to his review of other medical reports by other doctors who had examined plaintiff certainly provide Dr. Skalka with a rational basis for reaching his decision that plaintiff is not totally and permanently disabled. Indeed, one of plaintiff's own doctors, Dr. Pyron, expressed the opinion in connection with Helms' application, that Helms was susceptible of retraining and thus not disabled as defined in DIP. This Court is not permitted to conduct a trial *de novo* and thereby reach its own independent conclusion regarding plaintiff's status. *Weeks v. Coca-Cola Bottling Co. of Arkansas,* 491 F.Supp. 1312 (E.D.Ark.1980). Plaintiff has not satisfied the Court that Dr. Skalka was partial, that Dr. Skalka's decision was in excess of his authority or that a palpable mistake of fact is present. Nor has plaintiff contended that Dr. Skalka's decision was in any way procured by fraud or corruption. Thus, Dr. Skalka's determination must be allowed to stand.

What plaintiff apparently seeks in this action is not a determination that the decision of Dr. Skalka represented an improper application of the express terms of the Plan but rather that the express terms of the Plan should be subordinated to a broader definition of disability. The issue of what constitutes total disability has spawned enormous amounts of litigation. See e.g. cases collected in 21 A.L.R.3d 1155, Insurance: "Total Disability or the Like as Referring to Inability to Work a Usual Occupation or Other Occupations." Analysis of the issue is complicated by the presence of many different definitions of total disability in insurance policies or disability plans or other employee benefit arrangements and complicated still further by wide variations in court opinions interpreting such clauses.

Because this Plan is governed by ERISA, decisions of the courts of Alabama are not controlling as to the issue of what constitutes total disability. Section 514 ERISA, 29 U.S.C. 1144. Nevertheless, the Court notes that the courts of Alabama have held that total disability does not mean whether an individual "can do all or substantially all of the things he previously did in following a gainful occupation, but whether or not the individual can substantially perform the material duties of some occupation for which he is qualified." See e.g. *Mutual Life Insurance Co. of New York v. Danley,* 242 Ala. 80, 5 So.2d 743 (Ala.1941). Furthermore the courts of Alabama have held that disability is a question of fact not of law and that it depends upon all the circumstances of a particular case including the terms of the policy or plan and the circumstance of the covered individual. See e.g. *Pan Coastal Life Insurance Company v. Malone,* 40 Ala.App. 325, 114 So.2d 277 (Ala. App.1959).

This Court cannot rewrite the Plan of the parties. It is bound to follow the language of the Plan. See *Blackmar v. Lichtenstein, supra; Flinchbaugh v. Chicago Pneumatic Tube Co., supra.* Consequently, this Court cannot alter the express terms of the Plan

and create for plaintiff a disability definition different from the definition found therein. Moreover, this Court cannot say that Dr. Skalka as a third party arbitrator did not reach a rational decision having a basis in fact upon that plan definition.

Accordingly, the Court concludes that plaintiff Clark Ray Helms is not entitled to benefits under the disability income Plan of defendant Monsanto Company for the reason that he is bound by the decision of third party arbitrator Dr. Harold Skalka. The Court finds that Dr. Skalka was not arbitrary or capricious in reaching his decision and that defendant Monsanto acted properly in denying benefits to the plaintiff based upon Dr. Skalka's determination.