**UNITED STATES of America, Petitioner,**

v.

**Roger Dean TOM, Respondent.**

**Civil No. 06–3947 (PAM/JSM).**

United States District Court, D. Minnesota.

June 9, 2008.

Joan D. Humes, UnitedHealth Group, Minnetonka, MN, Mary L. Trippler, Perry F. Sekus, United States Attorney's Office, Minneapolis, MN, for Petitioner.

Andrew H. Mohring, Caroline Durham, Katherian D. Roe, Office of the Federal Defender, Minneapolis, MN, for Respondent.

## MEMORANDUM AND ORDER

PAUL A. MAGNUSON, District Judge.

This matter is before the Court on Petitioner's Motion to Stay Pending Appeal. For the reasons that follow, the Court denies the Motion.

### BACKGROUND

Respondent Roger Dean Tom ("Tom") is incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC–Rochester"). On October 4, 2006, his sentence was to expire and he was due to begin 60 months of supervised release. However, on October 2, 2006, the Bureau of Prisons ("BOP") stayed his release by filing a petition pursuant to 18 U.S.C. § 4248. The statute, in relevant part, permits the BOP to stay the release of federal inmates whom the BOP certifies as "sexually dangerous persons," irrespective of whether a state civil commitment is available. According to the statute, a Federal District Court is then to determine whether the person should be civilly committed to federal custody because there is clear and convincing evidence of sexual dangerousness.

On May 23, 2008, 558 F.Supp. 931, 2008 WL 2348201, the Court determined that

Congress exceeded its constitutional grant of authority when enacting § 4248 and accordingly granted Tom's Motion to Dismiss the petition. (*See* Docket No. 32.) As the Court stated, the constitutionality of § 4248 is a matter of first impression in this Circuit and has resulted in differing conclusions from four other District Courts. The Government now requests that the Court stay its Order and Judgment "while the government decides the appropriate course of action, including whether to exercise the government's appellate rights."[1] As of the date of this Order, no Notice of Appeal had been filed.

## DISCUSSION

The Government bases its Motion on Fed.R.Civ.P. 62(c) and the decision in *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Rule 62(c) authorizes a District Court to issue a stay "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction." With neither an appeal pending nor an order that otherwise meets these criteria, Rule 62(c) is ill-suited to this situation.

In *Hilton*, the Supreme Court set out general factors for courts to use when determining whether to stay orders under various Rules of Civil and Appellate Procedure:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton*, 481 U.S. at 776–77, 107 S.Ct. 2113.

*Hilton* involved the question of whether the Third Circuit Court of Appeals had erred by denying a stay under Fed. R.App. P. 23 after a District Court ordered a habeas corpus petitioner to be released. Therefore, the factors in *Hilton* do not unequivocally apply to motions such as the Government's.

To the degree that the factors in *Hilton* are relevant, the Court concludes that the Government has failed to satisfy its burden for a stay. First, the fact that other District Courts have reached conclusions contrary to this Court's does not constitute a "strong showing" that the Government would succeed on appeal. This is particularly true because the Court cited persuasive authority that also concluded that Congress lacked the constitutional power to enact § 4248. *See United States v. Comstock*, 507 F.Supp.2d 522 (E.D.N.C. 2007).

More problematic and troubling is the record that has been made as to the other factors in *Hilton*, *i.e.* whether there is a threat of irreparable injury to the Government, that other parties to the proceeding will be substantially injured, or that the public interest requires a stay.

In an attempt to characterize Tom as an exceptionally dangerous person who is highly likely to commit a sex crime, the Government for the first time provides two documents from Tom's prisoner file. In the first, an FMC–Rochester Risk Assessment form signed on September 14, 2006, a psychiatrist and two psychologists stated that Tom "meets criteria for commitment under 18 U.S.C. § 4248 as a sexually dangerous person." (Madaras Decl. Ex. 1 at 9.) In the second, an Updated Risk Assessment form signed on January 2, 2008, the same mental health professionals stated that although "Mr. Tom was not interviewed as part of the updated assessment

---

1. Because the parties' legal memoranda included significant discussions of Tom's medical and personal histories, the Court granted the parties' Motions to file the memoranda under seal.

process," it was their conclusion that he "would have serious difficulty in refraining from sexually violent conduct or child molestation." (*Id.* Ex. 2 at 7–8.)

In response, Tom has provided correspondence addressed from the BOP's North Central Regional Director to the FMC–Rochester warden. This correspondence, dated September 18, 2006, or four days *after* the date of the Risk Assessment, reads as follows:

> The North Central Regional Office has reviewed all available information concerning inmate Roger Tom. . . . The inmate *does not* meet existing criteria to pursue the filing of a certificate with the District Court to determine if he is a sexually dangerous offender. *The inmate should be released in accordance with established Bureau of Prisons policy and procedures.*

(Opp'n Mem. Attach. A (emphasis added).) Tom also has provided an FMC–Rochester "Psychiatric Evaluation Update" from September 29, 2006, or five days before his scheduled release, that is signed by the facility's staff psychiatrist and states as follows: "It is our opinion that Mr. Tom will be able to handle half way house placement." (*Id.* Attach. E.)

On this record, the Court finds the Government's Motion for a Stay to be wholly unsupported and the denial of supervised release inexplicable. The record establishes that two weeks before Tom's scheduled October 4, 2006, release, the BOP's Regional Director stated that Tom "should be released." Five days before the release date, an FMC–Rochester staff psychiatrist identified Tom as a candidate for halfway house replacement. Yet, somehow, a § 4248 petition was filed, even though the BOP Regional Director stated that Tom "does not meet existing criteria to pursue the filing of a certificate with the District Court."

In light of these documents, the Government's position in this Motion is nothing short of remarkable. The only factor more perplexing to the Court is how and why it took a year and seven months for anyone to seek relief on Tom's behalf.

As the Court stated in its previous Memorandum, the Government undeniably has a role in protecting society from sexually dangerous persons. However, a vital part of that role involves imposing and effecting periods of supervised release. Tom is not only due for supervised release, he has been identified *by a BOP psychiatrist* as a candidate for a halfway house placement. Granting the Government's Motion would violate not only logic but the law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the United States of America's Motion to Stay Pending Appeal (Docket No. 38) is **DENIED**.